JAMES M. HOYT *et ux.*

*v.*

JOHN Y. SWAR.

MARRIED WOMEN—*conveyance of land during minority.* The statute authorizes a married woman to convey her land only when she has attained the age of eighteen years, and if she executes a conveyance before attaining that age, though her husband join therein, the deed will be void.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

The opinion states the case.

Messrs. LACEY & WALLACE, for the appellants.

We contend that, under our statute, a deed of a married woman, by which it is sought to convey land owned by her in her own right, executed before she attains the age of eighteen years, is absolutely void.  The great majority of cases hold that the deed of an infant *feme covert* is void, although there are cases to be found that decide the other way, and this, though the statute law of the several States, from whose reports we quote, authorize the conveyance of the real estate of married women, by their joining with their husbands in the conveyance, without limitation as to age.  3 Wash. Real Property, 227; *Chandler* v. *McKinney*, 6 Michigan, 217;  *Adams* v. *Ross*, 1 Vroom, 513 ; *Schroder* v. *Decker*, 9 Penn. Stat. 14 ; *Carson* v. *Hubbell*, 38 Miss. 35 ; *Rodgers* v. *Cruger*, 7 Johns. 557 ; *Everlyn* v. *Everlyn*, 2 Penn. Stat. 671 ; *Hert* v. *Greenbock*, 1 Ves. Sr. 298 ; *Harley* v. *Harley*, 9 Ves. 472.

It will be seen that in the case of *Greenword* v. *Coleman*, 34 Alabama, 155, it was decided the other way, that is, that the deed was voidable only.  We have examined the statutes of the above States, and find that they simply provide, in substance, that the wife may convey, by joining with her husband, the same as if she was sole and unmarried.  Thus, the statute of Alabama, act of 1850, p. 64, sec. 5, provides, that the separate property of married women may be conveyed, and is as follows :

" Such property, or any part thereof, may be sold by the husband and wife, and conveyed by their joint deed, and every such deed shall be executed, proved and recorded, in accordance with the requirements of the laws now in force, requiring conveyances of real estate," etc.

The law of Michigan, vol. 2, p. 838, of 1867, is :  " Husband and wife, by their joint deed, may convey land of the wife, the same as if she was sole."

In the case of *Chandler* v. *McKinney*, 6 Mich. 221, it is said that " a married woman can not bind her lands by any method not authorized by statute, and that an infant married woman could not make a statutory conveyance." This court has decided, in the case of *Lane* v. *Soulard*, 15 Ill. 123, that at common law, and without an express provision of our statute, a *feme covert* could not convey her real estate, and her deeds were absolutely void.

The same principle was decided, in giving a construction to our married woman's law, of 1861, where they decided, under this law, that a married woman could not convey her separate estate, without joining with her husband in the deed, and her deed in such case was absolutely void. So that the law, as it formerly stood, has not been changed by that act. *Cole* v. *Van Riper*, 44 Ill. 58; *Scovil* v. *Kelsey*, 46 Ill. 344.

The provisions of our statute, in regard to enabling married women to convey their separate real estates, are as follows :

" When any husband and wife, residing in this State, shall wish to convey the real estate of the wife, it shall and may be lawful for the said husband and wife, she being above the age of eighteen years, to execute any grant, bargain, sale, lease, release, feoffment, deed, conveyance or assurance in law, whatever, for the conveying of such lands, tenements and hereditaments." And after providing the manner of acknowledgment, it further provides, " that such deed shall be as effectual in law, as if executed by such woman while sole and unmarried." The statute further provides that her deed shall not operate as a warranty, but simply convey her interest, etc. Gross' statute, p. 105.

By the 24th section the same provisions were extended to married women residing out of this State, they being eighteen years of age.

It was decided, in the case of *Prewit* v. *Graves*, 5 J. J. Marshall, Ky. 121, a case cited by counsel for appellee, in his argument, " that an infant *feme covert* can not confirm her deed, executed during infancy, while under coverture, except by a

re-acknowledgment of her deed. See, as to this general doctrine, 1 Wash. on Real Property, top page, 317. It is said Coke laid it down as a rule, that a wife might waive a purchase of land, made by her during coverture, after the decease of her husband, and avoid the conveyance, though he had assented to it, if she had not assented to it after his death; but in this country, where a wife may part with her lands, a joint acceptance of a title would be as valid as granting one.

Also, in the case of *Welch* v. *Magee*, 18 Cal. 159, it was decided, that the doctrine that the deed of an infant will be valid, unless disaffirmed at the infant arriving at legal age, does not apply to the case of a married woman, whose disability of coverture might prevent, if not the possibility, by her own volition, of an act of disaffirmance, yet its effectual exercise. See, also, to the same effect, *Vaughn* v. *Parr*, 20 Ark. 600; *Thirly* v. *Morgentz*, 3 Penn. St. 428; *Norris* v. *Vance*, 3 Rich. S. C. Rep. 154.

Mr. L. Dearborn, for the appellee.

As to the general question, whether the deed of an infant is void, or only voidable, the case of *Cole* v. *Pennoyer*, 14 Ill. 158, decides that conveyances made by an infant, in person, are voidable, only, to be confirmed or repudiated at discretion, after he arrives at majority, and a review of the authorities on this subject, shows that this is the general, if not the universally adopted rule. *Bool* v. *Mix*, 17 Wend. 119; *Gillett* v. *Stanley*, 1 Hill, 121; *Fonda & Hoag* v. *Van Horn*, 15 Wend. 635; 1 Parsons on Contracts, 295.

Admitting this to be the general doctrine, that conveyances made by an infant are voidable and not void, and that they may be confirmed or repudiated after they arrive at majority, is there any different act or acts to be done by an infant *feme covert*, than by an infant *feme sole*?

In the case of *Prewit* v. *Graves*, 5 J. J. Marshall, Ky. page 120, the court say: "That an infant *feme covert* may avoid,

as well as any other infant may avoid, a deed acknowledged by her conformably to law. We are aware of no reason, or law, which would render the relinquishment of an infant covert more binding on her, than it would have been had she labored only under the single disability of infancy."

In the case above cited, in ejectment, of *Bool* v. *Mix,* 17 Wend. 119, Sarah Bool was the owner of the lands, under a devise of a will from her father; and at the time she executed the conveyance, was a *feme covert* and an infant; (pages 128 and 129.)

In this case, Bronson, J. says, "there can be no doubt that the deed of plaintiff, (Sarah Bool) having been duly acknowledged, was as effectual to convey her interest, as though she had been a *feme sole.* Having complied with the requirements of the statute, the disability resulting from coverture was completely obviated. There was no incapacity to alien her lands in that form. The infancy of the plaintiff presents a distinct question from that of her coverture. Each disability must be considered by itself, and neither can derive any additional force from being coupled with the other." *Phillips* v. *Green,* 3 Marsh. Ky. R. 7; *Phillips* v. *Green,* 5 Monroe, Ky. R. 350.

The case of *Sanford* v. *McLean,* 3 Paige, 117, only decides that the disability arising from infancy remains, although the infant, being also an infant *feme covert,* acknowledged the deed in the form prescribed by law. "To that doctrine, (says Bronson J.) I fully assent. The question, then, is, whether the deed of an infant be absolutely void, or only voidable. If an infant conveys his lands by feoffment, with livery of seisin, it has never been doubted that the estate passes. The deed is not a nullity, although it may be avoided by the grantor, after he attains of age."

In the case of *Root* v. *Stafford,* 7 Cowen, 179, Woodworth, J. who delivered the opinion of the court, said he considered it now well settled, that the contracts of an infant, not only such as take effect by actual livery of the subject matter, as a feoffment with livery, or a sale and manual livery of goods,

but all his deeds, whether at the common law or under the statute of uses, whether relating to real or personal property, are voidable, merely, not void. This doctrine was admitted by chancellor Jones, and denied by no one, when the case was before the court for the correction of errors, 9 Cowen, 626." The chancellor there says, " the rule seems to be universal, that all deeds or instruments under seal, executed by an infant, are voidable, only, with a single exception, of those which delegate a naked authority."

So in case of Edward Phillips and Milley, his wife, v. Green, of the wife's land, 5 Monroe, Ky. page 353.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, brought by James M. Hoyt and Mary E. Hoyt, his wife, against John Y. Swar, the appellee. Swar defended under a deed made by Hoyt and wife, on the twenty-first of June, 1865, at which time she was under eighteen years of age. It is admitted the land, at that time, belonged to her, in her own right.

It is insisted by counsel for appellee, in support of the judgment of the court below, that so far as the disability of coverture is concerned, the deed was properly executed and acknowledged, the husband having joined therein, and that so far as objection may be taken on the ground of infancy, the deed was ratified by verbal declarations of Mary E. Hoyt, after she became of age.

It is unnecessary to consider the question of ratification, as, under the former decisions of the court, we must hold the deed void from the disability of coverture. This question has been repeatedly before the court, and was again fully considered in *Rogers* v. *Higgins*, 48 Ill. 211. The settled doctrine is, that although there are cases in which equity will enforce, on equitable grounds, a charge upon the lands of a married woman, yet as, at common law, she could convey her lands

only by a fine or recovery, for which our statute has substituted a conveyance, executed jointly with her husband, and acknowledged in a particular manner, it necessarily follows that a conveyance, not within the authority of the statute, is void. She can alien her lands by a conveyance, only on such terms and in such mode as the statute authorizes, as her power to convey by deed is wholly derived from the statute.

Now the statute authorizes a married woman to convey, only when she has attained the age of eighteen years. Her deed, made before she has attained that age, is as ineffectual to pass the title, as if the statute had not enabled her to convey at all. It is not the disability of infancy, merely, that affects the deed, but the fact that the statute, while recognizing the common law disability of coverture, removes it only in reference to deeds executed in a particular mode by married women who have attained a specified age. If the deed is executed before the prescribed age, it must be held equally beyond the reach of the statute as if executed after the proper age, but not in the prescribed form. As, in the cases of *Rogers* v. *Higgins, ubi supra,* and *Lane* v. *Soulard,* 15 Ill. 125, the deed of a married woman, executed without this State, was held inoperative, because the statute only authorized married women within this State to convey; so this deed must be held inoperative, because executed by a married woman under the age of eighteen years, the statute only authorizing married women who have attained that age, to convey. We can only say this conveyance was void at common law, and has not been authorized by the statute. The verdict and judgment should have been for the plaintiff.

*Judgment reversed.*