CAHO *et al.*, *Plaintiffs in Error*, v. ENDRESS.

**Majority of Married Women**: DEED. Under the General Statutes of 1865 a married woman was of full age for the purpose of executing a deed when she attained the age of eighteen years. Construing sec. 1, p. 466 and sec. 1, p. 444.

*Error to Perry Circuit Court.*—HON. LOUIS F. DINNING, Judge.

This is an action of ejectment brought by Mary Caho and Henry Caho, her husband, to recover a tract of land in Perry county. The land originally belonged to Mrs. Caho, but in February, 1871, she and her husband conveyed it to defendant, Endress. At the time of making this conveyance she lacked a few days of being twenty-one years of age. This suit was brought upon the theory that she was not then of full age for the purpose of executing a

'deed, and had a right to avoid this conveyance. The court below, however, ruled otherwise, and gave judgment for the defendant. From this judgment plaintiffs appealed.

*B. B. Cahoon* for plaintiffs in error.

*J. C. Killian* for defendant in error.

NAPTON, J.—The principal question in this case is whether a married woman can avoid a deed for her real estate, made by her and her husband, when she was over eighteen and under twenty-one years of age.

That the infancy of a married woman will make her deed voidable, notwithstanding its execution in the form prescribed by our statute in regard to privy examination, is well settled by the uniform decisions of this court from the case of *Youse v. Norcom*, 12 Mo. 549. down to the latest decision on the subject. *Peterson v. Laik*, 24 Mo. 541; *Schneider v. Staihr*, 20 Mo. 271; *Baker v. Kennett*, 54 Mo. 83; *Huth v. Carondelet M. R. & D. Co.*, 56 Mo. 208. This appears to be also well established elsewhere, and Chancellor Walworth, in *Sandford v. McLean*, 3 Paige 117, explains the reason of the distinction. " The statute," says the Chancellor, " which makes valid the deed of a *femme covert* when executed with her husband, and acknowledged by her on a private examination, was never intended to sanction or validate a conveyance by an infant wife. There is a plain and obvious distinction between the disability of a coverture and that of infancy. The first arises from a supposed want of will on account of legal power and coercion which the husband may exercise over the volition of the wife. This disability is removed by the private examination of the wife in the absence of her husband, by which it is legally ascertained that such power and coercion has not been exercised in that particular case. But the disability of infancy arises from the supposed want of capacity and judgment in the infant to contract understandingly." See also *Hoyt v. Swar*, 53 Ill. 134.

The only question then is, whether the disability of infancy existed in this case, and it must be conceded that the determination of the question is involved in difficulties, considering the various statutes that have been passed and the necessity of reconciling them as far as possible. The first section of the act " concerning curators, guardians and wards " in the revised code of 1865, declares that, " males of the age of twenty-one years, and females of the age of eighteen years shall be considered of full age for all purposes, and until these ages are attained they shall be considered minors." Giving the words " for all purposes " a literal interpretation, it would seem without further examination that but one conclusion could be reached ; but it is evident from an examination of other acts in the same code that these words must be restricted to some extent. The fourth section of the statute of limitations reads that " if any person entitled to commence any action in this chapter specified, or to make any entry, be, at the time such right or title shall first descend or accrue, either within the age of twenty-one years, or," &c. This exemption from the operation of the statute obviously extends to females as well as males, and the period when it ceases is clearly the age of twenty-one without regard to sex. The first section of the act concerning guardians., &c., must then have a restricted meaning, so far as the statute of limitations is concerned, for this act uses the words twenty-one years, as equivalent to the attainment of majority in either sex, and the two statutes cannot be reconciled except by a restricted construction of the words " for all purposes " in the act concerning guardians, and I presume the Legislature had no intention of changing the old law in regard to limitations.

In the same code of 1865 is found a statute concerning wills, which, in its first section, declares that " every person of twenty-one years of age, or upwards, of sound mind, may, by last will, devise all his estate, real, personal and mixed, and all interest therein," &c. Perhaps this section was intended only for males, as the words " his estate"

are used, but the words "every person" would apply to both males and females. However, in the same revision in the act concerning married women, (sec. 13, chap. 115,) it is also declared that "any married woman may devise by her last will and testament, her lands, tenements or any descendable interest therein, provided that the same shall not affect the estate of her husband therein by the courtesy." Under this act in 1865, it is obvious that a married woman could devise her lands long before she was eighteen years of age, since she was by the common law, deemed to have attained the age of puberty at twelve, and could consent to a valid marriage at that age, and although our statute concerning marriages prohibits a judge, justice or licensed minister from solemnizing marriages of females under eighteen, without the consent of parents or guardians, it does not declare such marriages void, and a marriage by a female under eighteen, with consent of her parents, is unquestionably valid. So that it is clear that under the law of 1865, previous to its amendment in 1868, (Sess. Acts, p. 57,) a married woman, though under the age of eighteen, was authorized to devise her lands. This privilege, however, was no where extended to unmarried females, even after the restriction made in 1868. The act concerning wills makes no distinction between males and females.

I have referred to these satutes concerning wills and limitations, to show that so far as the subjects provided for in them are concerned, the sweeping clause, in the act concerning guardians and curators, must be understood with some modification. But the point in the case now under consideration relates to conveyances only, and we must look at the statutes regulating them, in order to determine whether that act in 1865, so modified the admitted law previous to it, as to conform it to the first section of the act concerning guardians, &c.

The first section of the act concerning conveyances in the revision of 1865, is as follows: "Conveyances of land or of any estate or interest therein, may be made by deed,

executed by any person having authority to convey the same, or by his agent or attorney, and acknowledged and recorded as herein directed, without any other act or ceremony whatever." This section is a new one, and so, also, is the first section of the acts concerning guardians, &c. It will be seen that the section makes no specific reference to any disability. It obviously includes both sexes, although the words " his agent," &c., are used, and makes no reference to age at all, but simply declares that deeds may be executed by any one having authority to convey. That previous to this revision, neither males nor females could convey before twenty-one, is unquestionable, but it may be that this section was designed to recognize the distinction between the period of majority of either sex, as fixed in the first section of the guardian law.

Both sections were introduced for the first time into the code, and it is not impossible to reconcile them. It is certainly singular, if it was the design of the Legislature to make so material a change in the law of conveyances, that it was not plainly and specifically done in terms, and it is equally strange that unmarried females are not allowed to make testamentary devises till twenty-one, whilst married women were authorized to make them before eighteen as the law stood in 1865, and after eighteen as the law was amended in 1868. We have, however, concluded, after some hesitation, that the addition of the first section to the law of conveyances, may be reconciled with the first section of the guardian law, by understanding the former as a recognition of the change made by the latter, and, therefore, allowing all females, married and unmarried, to convey their real estate. No distinction is made between married and unmarried females, and as the disability of infancy is not removed by marriage, no distinction in this respect could properly be made, though it is made in regard to wills. In so important a matter, and one in which the ancient law was so well understood, the change ought to have been made in terms, that would have admitted of no miscon-

struction. As it is, we have concluded that it was the intention of the Legislature, in the act concerning conveyances, to adapt it to the change made in the guardian law, in respect to the period of majority, although the question admits of reasonable doubts, and the conclusion of the court had been reached with much hesitation, on the part of some of its members.

This view of the subject renders unnecessary any consideration of the question involved in the refusal of the circuit court to give the second instruction. Judgment affirmed.

AFFIRMED.