LULU MAY GOSS, by next Friend, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 27, 1892.

1. **Practice, Trial:** DEMURRER TO EVIDENCE. *Held*, in view of the facts which the jury were authorized to infer from those which the evidence tended to establish, this case was sufficiently made out to go to the jury.

2. **Evidence:** RES GESTÆ: EXPRESSION OF FEELINGS: NARRATION: EXPERT. The declarations of a party himself may be received in evidence to prove his condition, ills, pains or symptoms, whether arising from sickness or injury by accident or violence; but such evidence must not be extended beyond the then present existing pain or malady, nor partake of the nature of narration. The declaration need not be coincident in time with the main fact, provided with the connection it can, in the ordinary course of affairs, be said to be the spontaneous exclamation of the real cause. The opinion of an expert founded in part on such data is likewise competent.

3. ————: EXPERT: HYPOTHETICAL QUESTION FOR TRIAL COURT: ADOPTED ERROR. Whether the facts assumed in a hypothetical question for the opinion of an expert witness are within the evidence, is a preliminary question for the trial court, the decision of which is conclusive unless it appears from the evidence to have been erroneous. And where appellant submitted similar questions he will not be heard to complain thereof.

4. **Damages:** MEASURE OF: ELEMENTS: PRACTICE: ESTOPPEL. In an action by a minor daughter to recover for the death of her father, occasioned by defendant's negligence, an instruction, on the measure of damages, telling the jury to give such damages as they may deem fair and just under the evidence in the case with reference to the necessary injury resulting to her from the death of her father, is *held*, error, as it fails to point out the distinct elements of damage, such as the deceased's business capacity, experience and habits, health,

energy and perseverance, as well as his fitness for the moral training and advice of the plaintiff, and that plaintiff only had a claim on his wage-earning capacity during her minority, and was entitled to nothing for *solatium* for mental anguish or distress for death or loss of society of deceased. The failure of the defendant to supply the omitted elements by an instruction of its own does not estop it to complain, nor can it be said that the result would not have been different with a proper instruction.

5. **Definitions**: PECUNIARY INJURY, ETC. "Pecuniary injury" and "necessary injury" are parallel and interchangeable.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*R. T. Railey*, for appellant.

. (1) There is absolutely no legal evidence in the case which shows that his death was either occasioned by the negligence of defendant, or any injury sustained by reason of any act of defendant. Defendant's demurrer to the evidence at the close of the whole case should, therefore, have been sustained. The court submitted the case to the jury upon a mere matter of conjecture, and they found a verdict in favor of plaintiff without any evidence to support it. *Cotton v. Wood*, 8 C. B. (N. S.) 568–72; *Hughes v. Railroad*, 16 S. W. Rep. 275; *Baulec v. Railroad*, 59 N. Y. 366; *Perkins v. Railroad*, 103 Mo. 58; *Orth v. Railroad*, 50 N. W. Rep. 363–5. The "scintilla" rule is no longer followed in this country. There must be some substantial evidence to support the verdict. The demurrer to the evidence should have been sustained. *Powell v. Railroad*, 76 Mo. 85; *Jackson v. Hardin*, 83 Mo. 186; *Hausmann v. Hope*, 20 Mo. 197; *Dwight v. Ins. Co.*, 103 N. Y. 359, and cases cited. (2) Plaintiff's instruction on the measure of damages is erroneous, misleading, and does not properly declare the law. It fails to describe

to the jury the elements of damage which should be considered by them in arriving at their verdict, and also fails to instruct them as to those elements of damage which they were not at liberty to consider in the case. *Schaub v. Railroad*, 16 S. W. Rep. 924, 929; *McGowan v. Works*, 16 S. W. Rep. (Mo.) 239; *McPherson v. Railroad*, 97 Mo. 259; *Weber v. Railroad*, 100 Mo. 203; *Railroad v. Weldon*, 52 Ill. 295; *Donaldson v. Railroad*, 18 Iowa, 290; *Coates v. Railroad*, 62 Iowa, 493; *Railroad v. Butler*, 57 Pa. St. 338; *Coal Co. v. McEnery*, 91 Pa. St. 189; *Telfer v. Railroad*, 30 N. J. L. 210; *Carlson v. Railroad*, 28 Pac. Rep. (Or.) 499; *Railroad v. Wilson*, 48 Fed. Rep. 61; *Burton v. Railroad*, 82 N. C. 507; *Kelley v. Railroad*, 48 Fed. Rep. 663; *Railroad v. Wightman's Adm'r*, 29 Gratt. 431. *First.* The instruction on measure of damages should have excluded all idea of *solatium* for injured feelings and loss of companionship. *Schaub v. Railroad*, 16 S. W. Rep. 929; *Donaldson v. Railroad*, 18 Iowa, 290. *Second.* The jury should have been confined by said instruction to the value of Zach. Goss' life to plaintiff during her minority. Authorities, *post.* (3) Plaintiff was only entitled to the support of her father from the time of his death until she became eighteen years of age. *Taylor v. Railroad*, 45 Cal. 335; *McPherson v. Railroad*, 97 Mo. 259; *David v. Railroad*, 41 Ga. 224. *First.* Said instruction, with regard to the measure of damages, undertook to follow the rule laid down in *Tetherow v. Railroad*, 98 Mo. 77, and was clearly inapplicable to the case at bar. In the case just cited the widow was entitled to recover the value of her husband's life, for the entire period of her prospective life, while in the case at bar the plaintiff was only entitled to recover for the value of such life until she became of age. *Second.* The measure or rule of damages is always a question of law, and is never to be submitted

to the jury as a question of fact. This principle was clearly ignored in the instruction aforesaid, and, as no other instruction was given upon the subject, was clearly misleading and insufficient. *Matney v. Gregg Bros. Co.*, 19 Mo. App. 112; *Wilburn v. Railroad*, 36 Mo. App. 215; *Parker v. Jenkins*, 66 Ky. 591; *Railroad v. Ogier*, 25 Pa. St. 72. (4) The court committed reversible error in permitting Dr. Boone, over the object of defendant, to give his opinion as an expert, upon the hypothetical question propounded to him. The question asked said witness and his answer thereto were incompetent. It was also a plain attempt to substitute the conclusion of this witness for that of the jury in regard to the facts involved in the case. Neither the question propounded, nor his answer thereto, were the proper subjects of expert or opinion testimony, and should not have been received. *Jones v. Portland*, 50 N. W. Rep. 735; *Dundas v. City of Lansing*, 75 Mich. 503; *Boot & Shoe Co. v. Bane* (not reported); *Muff v. Railroad*, 22 Mo. App. 584; *King v. Railroad*, 98 Mo. 235; *Koons v. Railroad*, 65 Mo. 592; *Gutridge v. Railroad*, 94 Mo. 472; *Gavisk v. Railroad*, 49 Mo. 276; *Muldowney v. Railroad*, 36 Iowa, 472; Best on Evidence, sec. 512; *Belch v. Railroad*, 18 Mo. App. 85; *Railroad v. Beebe*, 14 Neb. 472; *City of Parsons v. Lindsay*, 26 Kan. 430; *Farrand v. Railroad*, 21 Wis. 441; *Williams v. Iron Co.*, 30 Mo. App. 667; *Kennedy v. Holladay*, 25 Mo. App. 514.

*Thurman & Wray*, for respondent.

(1) An expert is a person who is supposed to have a special knowledge on the subject of inquiry over and above men of ordinary education. *Gavisk v. Railroad*, 49 Mo. 276; 1 Greenleaf on Evidence [14 Ed.] sec. 440, and cases cited; *Carter v. Boehm*, 1 Smith's

Leading Cases, 286; Best on Evidence, sec. 346; Strickland on Evidence, sec. 408. *First.* The testimony of Dr. Boone, a physician of thirteen to fifteen years' experience in the practice of his profession, was competent testimony as an expert for the purpose of showing whether or not the death of deceased was caused by an injury. *Matteson v. Railroad,* 35 N. Y. 487; 1 Greenleaf on Evidence [14 Ed.] sec. 440; Stark on Evidence, 154; *Gilman v. Stafford,* 50 Vt. 723; *Hathorn v. King,* 8 Mass. 371; *Harnett v. Garvey,* 66 N. Y. 641; *Woolwine v. Bick,* 39 Mo. App. 500; *Johnson v. Moffett,* 19 Mo. App. 161; *White v. Stoner,* 18 Mo. App. 549; *Thompson v. Ish,* 99 Mo. 173; *State v. Meyers,* 99 Mo. 121; *Eyerman v. Sheehan,* 52 Mo. 223. *Second.* If the testimony of Dr. Boone had not been admissible, appellant cannot be heard in this case to complain, since he introduced like evidence by witness, Dr. A. A. Dye. *Taylor v. Penquite,* 35 Mo. App. 402; *Whitmore v. Supt. L. K & L. H.,* 100 Mo. 47; *Tomlinson v. Ellison,* 104 Mo. 112. *Third.* Exclamations of pain or statements as to physical condition made by a party injured after an accident are competent for the purpose of showing an injury. *Ins. Co. v. Mosely,* 8 Wall. 397; *Com. v. McPike,* 3 Cush. 181; *Creed v. Hartman,* 8 Bosw. 123; *Matteson v. Railroad,* 1 Greenleaf on Evidence [14 Ed.] sec. 102; *Harriman v. Stowe,* 57 Mo. 96. (2) Where there is any evidence, however slight, to sustain a verdict, it will not be disturbed by an appellate court, unless the preponderance against it is so great as to raise a presumption of prejudice, corruption or gross ignorance. *Kelly v. Railroad,* 70 Mo. 608; *Cook v. Railroad,* 63 Mo. 402; *Clotworthy v. Railroad,* 80 Mo. 220; *St. Vrain v. Levee Co.,* 56 Mo. 590; *Rea v. Ferguson,* 72 Mo. 226; *Price v. Evans,* 49 Mo. 396; *Baker v. Stonebraker's Adm'r,* 36 Mo. 345; *Holliday v. Jones,* 59 Mo. 482; *Tutt v. Cloney,*

62 Mo. 116; *Penn v. Lewis*, 12 Mo. 162; *Oldham v. Henderson*, 4 Mo. 301. *First.* Even in a criminal case for the court to interfere on the ground that the verdict is not supported by the evidence, there must be a total failure of proof or the evidence so weak that the necessary inference is that the verdict is the result of prejudice or partiality. *State v. Howell*, 100 Mo. 659; *State v. Glahn*, 97 Mo. 689; *State v. Cook*, 58 Mo. 548; *State v. Musick*, 71 Mo. 401; *State v. Zorn*, 71 Mo. 415; *State v. Thomas*, 78 Mo. 342; *State v. Berry*, 21 Mo. App. 470. *Second.* Inferential or *prima facie* evidence of material fact is sufficient to sustain a verdict. *Matney v. Railroad*, 30 Mo. App. 507. *Third.* The jury is the sole judge of the weight of the evidence, and the credibility of the witness. *Hanlon v. Railroad*, 16 S. W. Rep. 234; *Welch v. Railroad*, 26 Mo. App. 364. (3) The measure of damages in a case where a child of tender years sues for negligently causing the death of the parent, there being no evidence of aggravating or mitigating circumstances, is what the jury "may deem just and fair under the evidence with reference to the necessary injury resulting" to such minor from the death of such parent, not exceeding $4,000. R. S. 1889, sec. 4427; *Stoher v. Railroad*, 91 Mo. 518; *Tetherow v. Railroad*, 98 Mo. 77, 86; *Parsons v. Railroad*, 94 Mo. 299; *Smith v. Railroad*, 92 Mo. 373, 374; *Nichols v. Winfrey*, 90 Mo. 409; *Nagel v. Railroad*, 75 Mo. 665; *Owens v. Brockschmidt*, 54 Mo. 288, 289. *First.* The instruction complained of on the measure of damages is a copy of the instruction approved in the *Tetherow case. Hawes v. Stock-Yards Co.*, 98 Mo. 77, 86, also 103 Mo. 68; *King v. Railroad*, 98 Mo. 240; *Parsons v. Railroad*, 94 Mo. 298, 299; *Hanlon v. Railroad*, 16 S. W. Rep. 236. *Second.* Where a minor of tender years sues for damages on account of the negligence of defendant, in causing the death of its father,

the same rule applies as in cases of suit by the widow for a like cause. *Third.* If any limitation on the instruction as to the measure of damages could have been intelligently made, and appellant desired it to be made, it was its duty to ask it, especially in view of the nineteen instructions asked, and thirteen given on behalf of appellant. *Tetherow v. Railroad,* 98 Mo. 86.

SMITH, P. J.—This was an action to recover damages for personal injuries. The petition charged the defendant with negligence in failing to construct a proper crossing where its two railroad tracks cross the public road in the town of Irwin, Barton county, Missouri, as required by section 2609 of the Revised Statutes of 1889. It is then averred that defendant wrongfully and negligently permitted the dirt near the rails of said track to be worn down, which left the iron rails exposed so as to constitute an obstruction to the free passage along said road; that Jack Goss, father of plaintiff, drove upon said crossing with a wagonload of bailed hay; that when the wheels of said wagon struck the rails of defendant's track exposed as aforesaid it caused the coupling pin of deceased's wagon to break, thereby precipitating him to the ground with great force from the top of said load of hay; and causing a large amount of said hay to fall on and against him; that by reason of the injuries sustained on account of said fall he died on the eighth day of August, 1890; that by reason of the premises plaintiff has been damaged in the sum of $5,000. The answer was a general denial accompanied with the plea of contributory negligence. There was a trial and judgment for plaintiff for $2,500. Defendant has appealed.

The defendant challenges the judgment on the ground that there was no substantial evidence adduced

which warranted the submission of the case to the jury. A very careful analysis and consideration of the evidence has utterly failed to convince us that this objection is well grounded. The train of facts and circumstances which the evidence conduces to prove were sufficient to carry the case to the jury. When the facts which the jury were authorized to infer from those which the evidence tended to establish are considered, the plaintiff's case was sufficiently made out to go to the jury. In view of this we think it would have been a palpable invasion of the province of the jury for the court to have declared as a matter of law that the plaintiff was not entitled to recover.

It is further objected by the defendant that the hypothetical case stated by the plaintiff for expert opinion was improper.

Wherever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feelings are original and competent evidence. These expressions are the natural reflexes of what it might be impossible to show by other testimony. If there be such other testimony, this may be necessary to set the facts thus developed in their true light and to give them proper effect. As independent, explanatory, corroborative evidence it is often indispensable to the due administration of justice. Declarations of a party himself are received to prove his condition, ills, pains, symptoms, whether arising from sickness or an injury by accident or violence. They are competent as original evidence to whomsoever made. *Ins. Co. v. Morely,* 8 Wall. 397; 1 Greenleaf on Evidence, sec. 102; 1 Phillips on Evidence, 183; *Creed v. Hartman,* 8 Bosw. 123; *Matteson v. Railroad,* 35 N. Y. 487; *Murphy v. Railroad,* 66 Barb. 125; *Kennard v. Burton,* 25 Me. 39; *Phillips v. Kelly,* 29 Ala. 628; *Gray v. McLaughlin,* 26 Iowa, 279; *Howe v. Plainfield,* 41 N. H. 135; *Quaife*

*v. Railroad*, 48 Wis. 513; *Barber v. Morriam*, 11 Allen, 324. But such evidence must not be extended beyond the necessity upon which the rule is founded. It must relate to the present, and not to the past. Anything in the *nature of narration must be excluded*. It must be confined strictly to such expressions, complaints and declarations as furnish evidence of a *"present existing pain or malady."* *Ballou v. Inhabitants*, 7 Cush. 586. Evidence of this kind is not like that where the declarations of the injured party are a mere narrative of a past occurrence, or of an isolated conversation held, or an isolated act done, at a later period, and are consequently not a part of the *res gestæ*. The declaration to be part of the *res gestæ* need not be coincident in point of time with the main fact proved. If the two are so clearly connected that the declaration can, in the ordinary course of affairs, be said to be the spontaneous exclamation of the real cause, then the declaration is a verbal act, and may be said to be a part of the main fact or transaction. *Railroad v. O'Brien*, 119 U. S. 99; *Leahey v. Railroad*, 97 Mo. 165. The declarations of the deceased were properly received to prove "his condition, ills, pains and symptoms." And the opinion of an expert, founded in part on such data, was likewise competent. *Railroad v. Sutton*, 42 Ill. 438.

The question as to whether the facts assumed were a proper subject for the opinion of an expert witness was largely a preliminary question for the trial court, the decision of which was conclusive unless it appears upon the evidence to have been erroneous or founded on error. *Benjamin v. Railroad*, *ante*, p. 602. It is a rule that an expert may give an opinion based on a state of facts which he himself has witnessed, or which are detailed to him by other witnesses, or which are put to him in the form of a hypothetical case. Lawson on Expert Testimony,

221. The facts assumed must be within the limits of the evidence in every case. Tested by these rules, we are unable to discover that the court erred in overruling the defendant's objection to the plaintiff's hypothetical question. Besides this, the defendant's own counsel submitted a number of similar hypothetical questions to the expert witness introduced by it, so that the error complained of, if such it had been, was adopted by the defendant, and, therefore, it cannot be heard to complain of that matter.

The court gave for the plaintiff over the objections of the defendant this instruction: "The jury are instructed that, if you find for plaintiff, you should give her such damages, not exceeding $5,000, as you may deem fair and just under the evidence in the case with reference to the necessary injury resulting to her from the death of her father." The specific objection which the defendant urges against this instruction is that it fails to point out to the jury the distinct elements of damage which they *should* and *should not* consider in arriving at their verdict, or, in other words, that it is too general in its character to be of any practical utility. In a case of this kind the right of the plaintiff to recover is based solely upon the statutory negligence of the defendant, and she is only entitled to recover such damages as will compensate her for the pecuniary injury necessarily resulting to her from the death of her father. And, in so estimating the compensatory damages to which she is so entitled to recover, neither the physical pain of her deceased father nor her own mental suffering can be considered. This seems to be the result of the authorities, a great number of which are cited in *McGowan v. Ore & Steel Co.*, 109 Mo. 518.

*Hawes v. Stock-Yards Co.*, 103 Mo. 60, was an action to recover damages for personal injuries where

an instruction was given which declared if the jury found for the plaintiff their verdict should be for such sum as they believed would "compensate plaintiff for his injuries so received, not exceeding" the amount claimed in his petition. In the opinion of the court in that case it is said "this declaration totally failed to inform the jury of the proper elements of compensation within the meaning of the law. It gave them a roving commission to conjecture the consequences of plaintiff's injuries, however remote, and to apply such measures of compensation therefor as might to them seem appropriate, without reference to the legal rules for determining the limits of such compensation. What are the proper elements of damage within the meaning of the law in a case of this kind, is a question for the court, but the ascertainment of the proper sum to be awarded by them is a question for the jury."

In *Parsons v. Railroad*, 94 Mo. 286, it was said: "An intelligent jury from common experience may determine approximately in any given case what amount would compensate a parent for all pecuniary losses sustained by reason of the death of a minor child, but unless they are distinctly informed that such compensation is to be limited to the value of the child to its parent during the period of its minority they are liable, under a general instruction such as was given in this case, to base their estimate upon all the probable and possible benefits that such parent might derive from the life of such child during the whole course of its probable existence, and thus measure the parent's damages by a standard not contemplated by law."

*McGowan v. Ore & Steel Co.*, *supra*, was an action brought by four minor children to recover damages for the death of their father where there was an instruction given which told the jury that if they found for plaintiff "they will assess the damages in their favor in such

sum as they believe will compensate them for the pecuniary injury sustained in the death of Michael McGowan, not in excess of $5,000." In that portion of the opinion in the case in which five of the judges concurred it was said: "Measured by these rules it seems this instruction is entirely too general; indeed, it furnishes no rule or guide whatever to the jury. It is true it tells them they may give plaintiffs such damages as they believe will compensate them for the pecuniary injury sustained in the death of their father, but they are given no rules by which they may arrive at this pecuniary injury; none of the elements which the law recognizes as component parts of pecuniary compensation are pointed out to the jury. The damages are allowed for the 'necessary injury' resulting from the death of the injured to the survivors. It is purely a statutory right, and while the same certainty of loss required in other actions cannot be established in the very nature of things, and the damages are largely prospective, still there are certain principles recognized in nearly all these cases that will lead to a rational verdict." Further along in the opinion an approving reference is made to *Railroad v. Wightman*, 29 Gratt. 431, where it is, in effect, ruled that in assessing damages for the death of the husband and father, the jury should assess the same with reference to the pecuniary loss sustained by the wife and children of the deceased, *first*, by finding the same at such sum as would be equal to the probable earnings of the deceased, taking into consideration the age, business capacity, experience and habits, health, energy and perseverance of the deceased during what would probably have been his lifetime if he had not been killed; *second*, by adding these to the value of his services in the superintendence, attention to and care of his family and education

of his children of which they had been deprived by his death.

In *Schaub v. Railroad*, 106 Mo. 74, which was an action by the wife for the death of the husband occasioned by negligence, it was said: "In this case there can be no exemplary damages; compensatory damages alone could, under the evidence be recovered. The court should have, as indicated by *Parsons v. Railroad*, given the jury the elements of damage that enter into this case. It should first exclude all idea of *solatium* for injured feelings and loss of companionship. The pecuniary value of the husband's life, taking into consideration his age, health, probable length of life, capacity to earn wages, should be considered." The rule stated in 3 Sutherland on Damages, 283-4, has for its support this case. In 2 Sedgwick on Damages [8 Ed.] section 577, it is stated that "a child can recover for the loss of such advice only as would have had a pecuniary value, in estimating which, the age and situation of the parties is to be considered; and where there is no proof that the deceased was fitted by nature or education, or by disposition, to furnish to his children instruction or moral or intellectual training, it has been said it is erroneous to allow the jury to consider the loss of instruction and moral training by the children." *Railroad v. Weldon*, 52 Ill. 290; *Railroad v. Austin*, 69 Ill. 426. *Kelly v. Railroad*, 48 Fed. Rep. 663, was an action on the Iowa statute for wrongful death, and where the jury were charged that if they found for plaintiff they should assess her damages at such just and reasonable sum as will compensate the estate of the deceased for the loss occasioned by his death. In determining what this amount shall be they should consider the circumstances of the deceased, his occupation, age, health, habits as to industry, sobriety and economy, the amount of his

property, if any, and the probable duration of his life, and from these elements determine what his annual income during his life would probably have been, which would have been saved to his estate and not expended, and a gross sum which would have produced a like income at interest will be a proper sum to be allowed as damages. Indeed, in all of that class of cases where vindictive damages are recoverable, the court should point out by appropriate instructions what facts and circumstances should have the effect to aggravate the damages.

Again, the plaintiff was only entitled by law to the support of her father during her minority (*McPherson v. Railroad*, 97 Mo. 259), or until she arrived at the age of eighteen years. R. S., sec. 5278. The provisions of chapter 49, Revised Statutes, familiarly known as the "damage act," furnishes no exception to the statutory rule as to age, as there is in the statutes of limitation. *Cairo v. Enders*, 68 Mo. 224. As was remarked by Mr. Justice BRACE in *Parsons v. Railroad, supra:* "In all that class of cases where a reasonably safe standard is afforded by the circumstances of the case by which the compensation in damages may be measured, and such standard should be given to the jury not necessarily in terms by which the amount is to be exactly determined with mathematical certainty, but the reasonable limits within which the calculations ought to be stated, and as it is undisputed that, as to all classes of cases under this act, no damages can be given by way of *solatium* for mental anguish or distress for death or loss of society of deceased, so of that principle the jury ought to be advised."

It seems to us that it is as plain as anything can be that, according to the foregoing authorities, the objections of the defendant to the instruction in question were well taken, and ought to have been sustained.

This instruction led the jury out upon the vast domain of conjecture, and there turned them loose without compass or guiding star. What rule had they to guide them in determining, under the evidence, what damages they ought "to deem fair and just" with reference to the necessary injury arising from the death of plaintiff's father? Did they take into consideration the wage-earning capacity of the deceased, and, if so, for what length of time? During the period of plaintiff's minority, or for what, had it not been for his injury, would have probably been the remainder of his life? If it was their duty to estimate his wage-earning capacity for the former and not the latter period, they certainly should have been so instructed. How was the jury to know that in estimating the probable earnings of the deceased, had he lived during the period of the plaintiff's minority, that they should consider his age, business capacity, experience and habits, health, energy and perseverance unless so directed by the court, whose function it was to do so? How was the jury to know that the right of plaintiff to recover for the loss of the moral training and advice of her father depended upon whether he was fitted by nature or education, or by disposition, to furnish her with instruction or moral or intellectual training, and that, in the absence of proof of the latter, they should allow nothing for such loss unless they had been told so by the court? How, too, it may be asked, was the jury to know that, in grouping the elements for which they were to estimate the compensatory damages to which the plaintiff was entitled, they should allow nothing as a *solatium*, unless warned not to do so by the court?

It is too plain for argument that the court should, by its instruction, have pointed out, as far as practical, what were and what were not elements of damage appropriate for them to consider, and thus to have

with certainty kept them within the bounds of legitimate inquiry. The practice of giving general instructions of this kind in unliquidated damage cases, and so giving to juries an unbridled license to roam, fancy free, wherever they may, has brought about results in many cases that are justly calculated to destroy the confidence of the public in "trial by jury." The responsibility of this rests upon the courts, and not the jury. If the courts would fearlessly perform their duty, it is not to be doubted that the jury would theirs. The instruction criticised in *McGowan v. Ore & Steel Co.* differs from that in this case only in that the former employs the terms "pecuniary injury," and the latter "necessary injury." These qualifying words are of parallel meaning, and may be used interchangeably (*Morgan v. Durfree*, 69 Mo. 478), so that there is, in law, no difference in the two instructions.

But it is contended by plaintiff that the instruction under review was approved in *Tetherow v. Railroad*, 98 Mo. 74, and that, since that case is nowhere expressly overruled, the instruction is impregnable to the assault made upon it. It is a sufficient answer to this to say that the case of *McGowan v. Ore & Steel Co.*, (109 Mo. 518), and *Kelly v. Railroad*, already referred to, have, in effect, overturned the ruling in the *Tetherow case*, and, since these decisions are later in point of time than it, under the mandate of the constitution, we must follow them.

Nor can we say that in view of the evidence that, if the jury had been instructed according to the principles which should govern them in estimating damages in such a case, the result would not be different. We think both parties to this case are entitled to a trial of the issues joined according to the established principles and rules of law, and that thus far this right, through inadvertence, has been withheld.

Nor do we think the failure of the defendant to supply, by an instruction of its own, the essential features which were omitted from that of the plaintiff in respect to the elements of damage should have the effect to estop it from now complaining of such measure.

The other errors suggested by counsel have received our attention, which, we think, are without merit.

It results that the judgment will be reversed, and the cause remanded.    All concur.