## THOMAS RILEY, Appellant, v. SPARKS BROS., Respondents.

### Kansas City Court of Appeals, January 30, 1893.

**Evidence: EXPERTS: RULE.** An expert may give an opinion based on a state of facts he himself has witnessed, or which are detailed to him by other witnesses, or which are put to him in the form of a hypothetical case, and may give his reason therefor. The subject must be one of science or skill, or one which observation and experience has given an opportunity and means of knowledge which exists in reason rather than descriptive facts, and, hence, cannot be intelligently communicated to others not familiar with the subject so as to possess themselves of a full understanding of it. Hypothetical questions must be within the confines of the evidence and pertinent to the theories which the parties are endeavoring to uphold.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Geo. F. Ballingal* and *Botsford & Williams*, for appellant.

(1) The court erred in permitting question to the witness, Dr. Hersh, and the answer of witness thereto, to go to the jury, because the question does not call for the opinion of the witness as an expert, but calls for his conclusion on the disputed facts in evidence, is not an expert question, and the answer in response to said question is a statement of a fact and not of opinion, and is incompetent, illegal and irrelevant. *Tingley v. Cowgill*, 48 Mo. 297; *Gaslight Co. v. Ins. Co.*, 33 Mo. App. 371; 1 Wharton on Evidence, secs. 440, 452, and cases cited; 1 Greenleaf on Evidence, sec. 440, and cases cited. (2) The court erred in refusing to per-

mit the witness, Dr. Black, to answer the question because said question was properly an expert question, covering the facts as shown by the evidence, and was competent, legal and pertinent to the issues in the case. *Stonam v. Waldo*, 17 Mo. 498; 7 American & English Fncyclopedia of Law, title "expert and opinion evidence," sec. 21, p. 503, and cases cited. The testimony of veterinary surgeons is always admissible. *Pierson v. Hoag*, 47 Barb. (N. Y.) 243; *Pinney v. Cahill*, 48 Mich. 584.

*McDougal & Sebree*, for respondents.

(1) The question propounded to Dr. Hersh by defendant's counsel was not subject to the objection made to it at the time. (2) The court properly sustained the objection to the question propounded to Dr. Black by plaintiff's counsel.

SMITH, P. J.—This was a suit commenced before a justice of the peace to recover damages for the breach of a contract for the sale of a mule.

The plaintiff's statement alleged two distinct and separable warranties, and the breaches thereof, one that the mule was sound, when in fact he was unsound, having a fatal disease of the lungs, and the other that he was a good worker, when he was not. At the trial the evidence was adduced by the plaintiff to prove, and by the defendant to disprove, the first of the foregoing allegations.

The court by its instructions for the plaintiff very clearly outlined to the jury what constituted a warranty in a case of this kind, and then left it to them to find from the evidence whether or not defendants had warranted the soundness of the mule to the plaintiff, and, if so, whether there had been a breach thereof. Upon

the issue, whether the defendants had warranted the mule to be a good worker or not, no instruction was given by the court though a number were asked by the plaintiff.   Some of these instructions as abstract propositions of law may be correct enough, but there was no evidence offered to support the theory upon which they were based; and, if there had been such evidence adduced, their hypotheses were not within the limits of the issues made by the pleadings in the case.   We have been wholly unable after a careful examination of the record to find any evidence tending to prove that the mule was not "a good worker."   There is, however, abundant evidence, the tendency of which is to show that the mule did not suit plaintiff, but there is no warranty of that kind alleged in the statement of the plaintiff's cause of action.   The statement does not allege that the mule was sold to plaintiff upon condition that it was to suit him or to be satisfactory or to be absolute upon approval.   So that the instructions of plaintiff which proceeded upon the theory of a sale upon a condition of that kind were unwarranted and properly refused.   The instructions given under the pleadings and evidence were unexceptionable.

The plaintiff complains further of the action of the court in receiving and rejecting certain evidence.   The defendant, over the objection of the plaintiff, was permitted to ask Joseph Hersh, who testified that he had been a veterinary surgeon for twenty-five years, whether "if a mule of the age of five or six or even seven years, which had been penned up for several days, say at least five days, and which is in good flesh, is fat, is in such physical condition and spirits and liveliness that it requires two men to catch and hold her, that she is haltered and brought out, showing good spirits, and there is no physical indication in any way of any affliction of any kind, and is led away from the

stable showing high spirits, whether or not an animal, at that time under those conditions, could be afflicted with lung fever or pleurisy?" In looking at the evidence we find that the assumptions of the question are quite within the limits of the evidence. It appears that the witness showed himself possessed of the proper qualifications. In fact, there was no objection interposed to his testimony on that ground. The rule is that an expert may give an opinion based on a state of facts which he himself has witnessed, or which are detailed to him by other witnesses, or which are put to him in the form of a hypothetical case. And he may state the ground or reasons for the opinion expressed. The general rule to be deduced from the authorities is that the subject must be one of science or skill, or one which observation or experience has given an opportunity and means of knowledge which exist in reason rather than in descriptive facts, and, hence, cannot be intelligently communicated to others not familiar with the subject so as to possess themselves of a full understanding of it. If there is any fact in the case which calls for scientific or professional knowledge or for any peculiar knowledge or experience, or if it is one upon which men of common information are not capable of forming a judgment, it is a case for expert evidence. And the rule further is that, while putting a hypothetical question, facts may be assumed which there is evidence on either side tending to establish, and which are pertinent to the theories which the parties are attempting to uphold. Yet the requirement of this rule, that the fact embraced in the hypothesis in every case stated must be within the confines of the evidence, or the opinion of the witness will be inadmissible, is an unbending one. *Benjamin v. Railroad*, 50 Mo. App. 602; *Goss v. Railroad*, 50 Mo. App. 614. Tested by the foregoing rules

it is .clear that the hypothetical question of the defendant was not subject to objection.

'The plaintiff put a hypothetical question to J. B. Black, a veterinary surgeon, who was a graduate of Ontario college, Canada, which was to the effect whether or not, if five or eight hours after the mule was cut open its lungs were found black, his experience would enable him to determine the condition of the mule on the day of the sale, which was the twelfth of the month. The uncontradicted evidence was that on the sixteenth or seventeenth of February the mule was cut up and used by a rendering establishment. *The lungs of the mule then looked black.* They were then thrown in the tank of the rendering establishment. So that there is no evidence whatever of the color or condition of the lungs five or eight hours after the mule was cut up.

The facts assumed by plaintiff's hypothetical case were not within the limits of the evidence, and for that reason, if for no other, the trial court did not err in refusing to allow it to be submitted to the expert wit-.ness for his opinion.

We can discover no grounds of error in the record which justify our interference with the judgment which must be affirmed. All concur.