HAYMAKER & CROOKSHANKS, Respondents, v. ADAMS & SON, Appellants.

Kansas City Court of Appeals, April 1, 1895.

1. **Evidence**: DAMAGES: AMOUNT OF. In this action for damages and failing to comply with a contract relating to certain benefits of a creamery in connection with a grocery store, a witness conversant with the business after stating the facts may state the amount of the damage.

2. ———: OPINION. Where a witness has had the means of personal observation and the facts and circumstances upon which he bases his conclusions are incapable of being detailed so intelligibly as to enable any one but himself to form an intelligent conclusion from them, he may state his opinion.

3. **Damages**: MEASURE OF: INSTRUCTION. If the plaintiff's instruction on the measure of damages is general and in no wise particularizes the elements of damages, it devolves upon defendant to ask an instruction limiting what might possibly be its effect upon the

jury, *following Browning v. Railroad*, 124 Mo. 55, which is considered as overruling *McGowan v. Ore Co.*, 109 Mo. 531, and other like cases.

4. **Contract**: ARBITRATION.   Where a contract provides for an arbitration in case of disagreement between the parties, a want of such arbitration can not be set up by a party who has refused an offer to arbitrate.  *Murphy v. Ins. Co., ante,* p. 183, and *McNees v. Ins. Co., ante,* p. 335, *distinguished.*

*Appeal from the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*E. R. Stephens* and *Frank Sheetz* for appellant.

(1) The court admitted incompetent and rrelevant evidence on behalf of plaintiffs. *Belch v. Railroad*, 18 Mo. App. 85; *White v. Stoner*, 18 Mo. App. 548; *Kennedy v. Holladay*, 25 Mo. App. 514; *Williams v. Dent*, 30 Mo. App. 667. (2) The first instruction of plaintiffs is erroneous because it does not give the items of the damages, and leaves the measure of damages to the jury. *Shenuit v. Brueggestradt*, 8 Mo. App. 47; *Matnet v. Gregg Bros.*, 19 Mo. App. 112; *Williams v. Dent*, 30 Mo. App. 667; *Wilburn v. Railroad*, 36 Mo. App. 216; *Flynt v. Railroad*, 38 Mo. App. 98; *Goss v. Railroad*, 50 Mo. App. 623; *Carpenter v. McDavitt*, 53 Mo. App. 404; *Hawes v. Stock Yard*, 103 Mo. 60; *Schaub v. Railroad*, 106 Mo. 93; *McGowan v. Ore Co.*, 109 Mo. 531. This instruction is also erroneous in leaving the construction of the contract to the jury. *Black River v. Warner*, 93 Mo. 384; *Chapman v. Railroad*, 114 Mo. 551. It is also erroneous in authorizing plaintiffs to recover damages not sued for. (3) Under the contract all matters of dispute were to be settled by arbitration, which arbitration shall be final. *Williams v. Railroad*, 112 Mo. 487; *Chapman v. Railroad, supra.*

*A. W. Mullins* for respondents.

(1) The evidence as to the damages sustained by the plaintiffs was competent and properly admitted. "When the subject of inquiry is so indefinite and general in its nature as not to be susceptible of direct proof, the opinions of witnesses are admissible. *Eyerman v. Sheehan*, 52 Mo. 221; *Greenwell v. Crow*, 73 Mo. 638; 1 Wharton on Evidence [2 Ed.], sec. 510; *Id.*, sec. 512, and note 10; 1 Sutherland on Damages, 787, 788, and note 1, p. 788; 3 Central Law Journal, pp. 444, 445. (2) Where an instruction given is general in its scope, and no more definite instruction is asked by the losing party, it does not constitute reversible error. *Browning v. Railroad*, 27 S. W. Rep. (Mo.) 644; *Tetherow v. Railroad*, 98 Mo. 74, 86; *Storck v. Mesker*, 55 Mo. App. 26, 38. (3) The point made by counsel for appellant that "all matters of dispute were to be settled by arbitration," is without merit, for the reason that the defendants themselves refused to arbitrate the matters of difference, as shown by the evidence on both sides.

ELLISON, J.—The action is for damages said to have arisen out of the following contract:

"Articles of Agreement: Between F. M. Haymaker & Crookshanks, and Adams & Son, both of Browning, Missouri, Linn county, as follows: The parties of the first part have this day bought of the aforesaid second party (Adams & Son) their stock of groceries and queensware now on hand, together with fixtures, such as follows: Show cases, tea canisters, spice canisters, one pair counter scales, candy jars, syrup gates, lamps, stove, tobacco knife, and all other fixtures as they can use to an advantage. The goods are to be sold at actual cost, or present cash value, and

will leave all disputes that may arise on such as present cash value, carriage and fixtures to Segner & Moss. Terms of payment are as follows: To be divided into four payments; first, thirty, forty-five, sixty and seventy-five days from date of invoice, and it is further agreed that the parties of the second part shall give to the party of the first part the benefit of the creamery the same as they (Adams & Son) now have and receive from the trade. Also the use of the teams for delivering goods to the country, the same as at present, and for the last year, for a period of six months. And it is further agreed that, if at any time within the six months the creamery should be closed for a time, that the parties of the first part should have the use enough longer to make up the six months. And it is further agreed that if any misunderstanding should arise in any of the settlements, that it shall be left to arbitration and that arbitration shall be final. And it is further agreed that Adams & Son shall have office room in the store for settling up their business, and attending to their creamery, and shall not be interested in any other store in Browning, Missouri, as long as this contract holds good."

The judgment was for plaintiffs.

The first complaint relates to the admission of testimony. It is claimed that the witness Turner, and one of plaintiffs, were permitted to give testimony of a nature which has been declared improper by the court of appeals in *White v. Stoner*, 18 Mo. App. 548, and *Kennedy v. Holladay*, 25 Mo. App. 514. In those cases it was ruled to be improper for a witness to state the amount of *damage* which the injured party had sustained; that the witness should state facts and the jury be permitted to state the amount of damages. The case now presented is not of that character. The plaintiff had stated his knowledge of the amount of grocery

trade resulting from the creamery business, obtained from his observation of it and actual participation in one month of the business, which month was less than the average. From this knowledge he based his statement that the profits of the business resulting from the creamery, if it had been continued by defendants, as agreed upon in the contract, would have been $100 per month. We have concluded that this evidence was properly admitted by the court.

"The general rule is that witnesses must state facts, and not their individual opinion, but there are exceptions to the rule as well established as the rule itself. When the subject of inquiry is so indefinite and general in its nature as not to be susceptible of direct proof, the opinions of witnesses are admissible. If the witness has had the means of personal observation, and the facts and circumstances upon which he bases this conclusion are incapable of being detailed so intelligibly as to enable any one but the observer himself to form an intelligent conclusion from them, he may *add* his opinion." *Eyerman v. Sheehan*, 52 Mo. 223.

Nor do we find any error in the rulings upon the other branches of testimony, including that in relation to Turner.

2. Defendants took exception to the giving of plaintiffs' first instruction, relating to the measure of damages. The objection urged is that it is too general in its terms, and thereby left the jury without a guide; or, more properly speaking, without a limit as to the causes of damage to be considered by them in estimating the amount. While the instruction is general, and while it in nowise particularizes as to the elements of damage to be considered, yet it is proper enough in what it states and directs. Being so, it devolved upon defendants to ask an instruction limiting what might possibly be its result with the jury. This is the rule as

announced by the supreme court in the recent case of *Browning v. Railroad*, 124 Mo. 55. The cases of *Schaub v. Railroad*, 106 Mo. 93, and *McGowan v. Ore Co.*, 109 Mo. 531, which were followed in the cases of *Goss v. Railroad*, 50 Mo. App. 623, and *Carpenter v. McDavitt*, 53 Mo. App. 404, under the ruling referred to, must be considered as overruled.

3. It is insisted that the contract provides for an arbitration to settle differences which might arise between the parties, and that, therefore, plaintiffs could not sue without first seeking to have an arbitration. We had occasion at this term, in the cases of *Murphy v. Ins. Co.*, ante, p. 183, and *McNees v. Ins. Co.*, ante, p. 336, to investigate this question, but find from the testimony here that this case is not brought within the rule. The uncontradicted testimony shows that defendants refused to arbitrate on the demand of plaintiffs. There ought not to be any doubt that a want of arbitration can not be set up on trial by the party who has refused an offer for such arbitration, made to him by the other party.

There are some minor points of objection, which we have examined, but have found nothing which we feel would authorize us to disturb the judgment, and it is accordingly affirmed. All concur.