WITTE IRON WORKS, Respondent, v. R. J. HOLMES, Appellant.

Kansas City Court of Appeals, May 6, 1895.

1. **Expert Witness:** CONDITIONS OF COMPETENCY. An expert may give an opinion based on a state of facts which he himself has witnessed, or which are described to him by other witnesses, or which are put to him in the form of a hypothetical case, provided the facts in the hypothesis be within the limits of the evidence and pertinent to the issue. The witness in this case *held* incompetent because he fulfilled neither of the above conditions.

2. **Misnomer:** JEOFAILS: AMENDMENTS. An objection that plaintiff brought his suit under a fictitious name instead, of his real name would be good, were it not for the provisions of our statute of jeofails and amendments, which authorize after judgment a correction of almost any conceivable mistake that the parties, etc., may make; provided, always, neither party should be prejudiced thereby.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Cook & Gossett* for appellant.

(1) Appellant was entitled to keep the article manufactured and sold, although not as agreed, and counterclaim or set-off for damages. *Martin v. Max-*

*well,* 18 Mo. App. 176; *Branson v. Turner,* 77 Mo. 489; *McAdow v. Ross,* 53 Mo. 199; R. S., sec. 6204. "Witte Iron Works Company," not being a person, natural or artificial, could not maintain a suit, and appellant's objection to testimony should have been sustained. E. H. Witte should have brought suit in his real name. *Revis v. Lammer,* 3 Mo. 207. (2) The court should have allowed the witness Weber to state whether or not he knew of any defect in the plan of construction of the "Witte" engines. That was apparently an issue in the case, and the instructions given at the request of the appellee, particularly the one numbered 5, recognized and exemplified the materiality of this evidence. *Johnson v. Railroad,* 96 Mo. 340; *Bronson v. Turner,* 77 Mo. 489.

*Hatch & Middlebrook* for respondent.

(1) The correct name of E. H. Witte having been once rightly alleged in any of the pleadings or proceedings, the statute of jeofails cures the defect complained of by appellant. R. S. 1889, sec. 2113, subdiv. 10, p. 554; R. S. 1889, secs. 2114, 2117, p. 554; *Mellor v. Railroad,* 105 Mo. 468. The statute of jeofails was probably passed by the legislature in order to cure and overcome the evils resulting from such decisions as *Revis v. Lamme,* cited by appellant, determined in 1833, long before our statute of jeofails was enacted. *Finnegan v. Manchester,* 12 Iowa, 521; *Wilson v. Nance,* 11 Kump, (Tenn.) 189; *Marshall v. Hill,* 8 Yerg. (Tenn.) 101; *Thomas v. Sterns,* 33 Ala. 137; *Collins v. Hyslop,* 11 Ala. 508; *Hays v. Yarborough,* 21 Tex. 487; *Claggett v. Blanchard,* 8 Dana (Ky.), 41. And even if the party in whose favor or against whom judgment is rendered, proceeded under a fictitious name, provided there were real parties in interest in

the action, or real controversy, and a real decision, and no fraud was thereby attempted. *Parry v. Woodson*, 33 Mo. 347; *Kronski v. Railroad*, 77 Mo. 362; *Weber v. Ebling*, 2 Mo. App. 15; *McNair v. Saler*, 21 Minn. 175. (2) The action of the court in sustaining respondent's objections to the question whether witness Weber knew of "any defect in the plan of construction of the Witte engines," complained of in the appellant's brief, point 3, is not the kind of question ruled on in 96 Mo. 340, and in 77 Mo. 489. In the former case the expert witnesses were asked concerning their opinions, as blacksmiths, of how a certain specific hammer had been repaired, *i. e.*, whether skillfully or negligently. In the latter case the witnesses were asked whether the sore on the neck of a certain steer rendered that steer unfit for beef. 1 Greenleaf on Evidence, secs. 50, 52, 448; 1 Wharton on Evidence, secs. 29, 58, 316; 2 Taylor on Evidence, sec. 1877; *Bank v. Armstrong*, 62 Mo. 74.

SMITH, P. J.—This was an action brought before a justice of the peace to recover the balance on an account. There was no dispute in relation to the items of the account. It appeared that the items thereof were the component parts of a gasoline engine, which had been sold by plaintiff to defendant. The defendant alleged that the said gasoline engine, by contract, was to be a nine horse power engine; that the one delivered "was never capable of more than six and eight tenths horse power," and, in consequence thereof, he claimed $250 damages on account of the "discrepancy." There was a trial in the circuit court, which resulted in judgment for the plaintiff, and from which defendant appealed.

At the trial, the defendant called the witness Weber as an expert machinist, who testified that he had exam-

ined the engines manufactured by the plaintiff. He was then asked if he knew of any defect in their plan of construction. On objection of the plaintiff, the witness was not permitted to answer the question. The rule is that an expert may give an opinion based on a state of facts which he himself has witnessed, or which are described to him by the other witnesses, or which are put to him in the form of a hypothetical case, but the facts assumed in the hypothetical case must always be within the limits of the evidence and pertinent to the theory which the parties are endeavoring to uphold. *Benjamin v. Railroad,* 50 Mo. App. 602; *Goss v. Railroad,* 50 Mo. App. 614; *Riley v. Sparks,* 52 Mo. App. 572. No witness had testified that the various kinds of engines manufactured by plaintiff were built in accordance with any uniform plan or design. It may have well been that they varied in their plan or design of construction. The witness does not seem to have been acquainted with the one in respect to which this controversy arose. He was not asked his opinion on a hypothetical case, wherein the plan of construction of this particular engine was described to him. No witness had described it to him. Even though the engines he had examined were, in his opinion, defective in their plan, how was the jury to know that this particular one was of the class, or classes, examined by him, and, consequently, defective. What aid would such testimony have been to them in determining whether it was defective or not in plan, or whether it was less than a nine horse power engine. The question called for testimony to establish a collateral fact which was clearly not pertinent to the true issue in the case.

. . The plaintiff carried on his manufacturing business under the name and style of The Witte Iron Works Company. This suit was brought in that name. After the defendant had appeared before the justice before

whom the suit was brought, E. H. Witte—who is recited by the record of the justice to be the real plaintiff—filed an application for a change of venue. The objection that the suit was brought in the name of The Witte Iron Works Company, instead of in that of E. H. Witte, was made for the first time by defendant, at the trial in the circuit court, where plaintiff offered to introduce evidence in support of the account sued on. The objection was overruled. The defendant now contends that, since "The Witte Iron Works Company" was neither a natural nor an artificial person, it could not sue, and that the court erred in overruling defendant's objection to the introduction of evidence, and in also further overruling his motion in arrest of the judgment. The grounds upon which defendant has, by his appeal, assailed the judgment, would have to be sustained, were it not for the provisions of the statute. Section 2101 provides that after final judgment is rendered in any cause, the court may, in furtherance of justice and on such terms as may be just, amend, in affirmance of such judgment, any record, process, entry, return or other proceeding in such cause, by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, and judgment shall not be reversed therefor. Section 2113 further provides that when a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed, nor shall such judgment, nor any judgment after trial be reversed, or in any way affected, by reason of a mistake in the name of any party or person, etc., nor for any other default or negligence of the parties or their attorneys, by which neither party shall have been prejudiced. Section 2114 declares that the omissions, imperfections, defects and variances enumerated in section 2113, and all others of like nature, not being against the right and justice of the matter of the

suit, and not altering the issue between the parties on the trial, shall be supplied, and amended by the court when the judgment shall be given, or by the court in which the judgment shall be reviewed by writ of error or by appeal.

Section 2101, already referred to, conferred upon the trial court plenary power to amend any pleading, process or proceeding in the cause by inserting therein the name of E. H. Witte, wherever, through mistake, it had been omitted. And the last two sections referred to, invest this court with a like power. Almost any conceivable mistake that the parties, their attorneys, or the officers may make, can be corrected by amendment under the very liberal and comprehensive provisions of these statutes, provided always it be one by which neither party shall be prejudiced. Corrections by amendment of mistakes and omissions similar to that in this case, have been frequently ordered by the appellate courts of this state. *Mueller v. Kaessman*, 84 Mo. 318; *Crispin v. Hannovar*, 86 Mo. 160; *Weil v. Simmons*, 66 Mo. 617; *Cruchen v. Brown*, 57 Mo. 38; *Hemelrich v. Carlos*, 24 Mo. App. 264.

Since it sufficiently appears that it was through the mistake of E. H. Witte, or his attorneys, that his name was not inserted in the account sued on, as the plaintiff, and that in consequence of that mistake, it was omitted in the proceedings in the cause, and since, too, neither party will suffer any prejudice thereby, we shall order said account and the final judgment given in the court below to be amended by inserting therein the name of E. H. Witte as plaintiff. We think this to be a duty plainly enjoined upon us by statute. The judgment amended in the particular already ordered will be affirmed. All concur.