AUGUST HEMAN et al., Appellants, v. THE ST. LOUIS MERCHANTS' LAND IMPROVEMENT COMPANY, Respondent.

St. Louis Court of Appeals, May 10, 1898.

1. **Special Tax Bill:** ORDINANCES OF THE CITY OF ST. LOUIS: CONSTRUCTION OF ORDINANCE. Under section 551, article 1, chapter 15, Revised Ordinances of the city of St. Louis, defendant complied substantially with the requirements of the notice and ordinance, when, after receiving notice on the fourteenth of the month, he began work on a defective sidewalk on the sixteenth, and prosecuted his work with due diligence, and finished it on the day after the expiration of the time mentioned in the notice of the street commissioner.

2. ———: ———. The purpose of the ordinance is to afford property owners the opportunity and privilege of doing their own work, and this right should not be capriciously denied them.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

T. J. ROWE for appellants.

The answer fails to state facts sufficient to constitute a cause of action. There was no evidence tending to prove that defendants had the right to repair the sidewalk. The city has the sole and exclusive control of its streets and is bound to keep the same in proper repair; and said city through its proper officials is the

sole judge of the necessity of repairing a sidewalk, and has the exclusive right to determine the kind and amount of repairs necessary to put sidewalk in a proper condition. The finding of the city that it was necessary to repair the sidewalk to the extent and in the manner in which it was repaired, is final and conclusive upon the property owner. McCormack v. Patchin, 53 Mo. 36; Farrar v. St. Louis, 80 Mo. 379; St. Louis City Charter, art. 6, secs. 15 and 18; City v. Weber, 44 Mo. 547; Skinker v. Heman, 64 Mo. App. 450.

JOHN H. OVERALL for respondent.

The defendant by the terms of the notice, and by provision of section 551, article 1, chapter 15, Revised Ordinances of 1887, had five days after service of the notice within which to repair the sidewalk. As to notice see pages 12 and 13 of record. As to ordinance see page 13 of record. The defendant had complied with the notice to repair the sidewalk within five days after the date of the notice. This is proved by the uncontradicted testimony of defendant's witnesses, the plaintiff introducing no testimony on this question, and it is admitted by plaintiff's counsel in his brief. It was a manifest wrong for plaintiff to tear up defendant's sidewalk which the court will correct. Skinker v. Heman, 64 Mo. App. 441. This is an attempted confiscation of defendant's property which the courts will not permit.

BIGGS, J.—The action is on a special tax bill issued to plaintiffs by the proper officers of the city of St. Louis for work done in repairing a sidewalk in front of premises owned by the defendant. Acting under the orders of the street commissioner the plaintiffs (general contractors) reconstructed the sidewalk

in question. This is not disputed. The defense is that all the work necessary to put the sidewalk in perfect condition had been previously done by the defendant in compliance with an order of the street commissioner. The plaintiffs asked the court to instruct that under the law and evidence the judgment should be for them. This the court refused to do. No other instructions were asked or given. The issues were

STATEMENT.

found for the defendant and a judgment entered accordingly. The plaintiffs have appealed. It appears without contradiction that on the thirteenth day of October, 1894, the street commissioner notified the defendant by mail that the sidewalk was in bad condition and requiring the defendant to repair it within five days, and that if it failed to do so, the street commissioner would cause the work to be done as provided by section 551, article 1, chapter 15, Revised Ordinances of the city, which is as follows:

"The street commissioner shall, whenever a sidewalk is out of repair, notify owner or owners (or their agents) of the property fronting thereon, through mail, to have the same repaired within five days; and if such owner or owners (or their agents) fail to comply with said notice within the time specified, then the street commissioner shall cause such work to be done, and the cost thereof shall be assessed as a special tax on the property fronting such sidewalk."

This notice was received by the defendant on the fourteenth, and it commenced to make the repairs on the sixteenth. The work was completed on the eighteenth and on that day the street commissioner was notified of the fact by letter. In answer to the defendant's letter the street commissioner sent the following:

"STREET DEPARTMENT.

"ST. LOUIS, Mo., October 19th, 1894.

"The commissioner directs that I acknowledge receipt of yours of the 18th, relative to repairs of sidewalk on the west side of Third street, between Biddle and O'Fallon Streets.

"The order went to the contractor yesterday, the limitation of time, as mentioned in the notice, having expired.

"If the work is done by your regular contractor before the city commissioner gets to the place, he will of course not touch it.

"It will be impossible for us to recall the order given by this department to the city contractor.

"Yours truly,

"J. A. MURPHY,

"Commissioner's Secretary."

The order to do the work was received by the plaintiffs on the eighteenth and they commenced to take up the sidewalk on the twenty-sixth. The defendant objected to the plaintiffs interfering with the walk, and insisted that by reason of the repairs which had just been made the sidewalk was in good condition. The evidence introduced by the defendant tended to show that at the time the plaintiffs tore up the walk it was in first class condition. The plaintiffs did not attempt to controvert this. They based their right to recover on the order of the street commissioner directing them to do the work, and upon the failure of the defendant to complete the repairs within five days after the date of the notice of the street commissioner.

We are of the opinion that the defendant complied substantially with the requirements of the notice and ordinance. The notice was not received by the defendant until the fourteenth; the work was begun on

the sixteenth; it was prosecuted with due diligence, and finished on the day after the expiration of the time mentioned in the notice. The purpose of the ordinance is to afford property owners the opportunity and privilege of doing their own work, and this right should not be capriciously denied them. If the work is commenced with reasonable promptness and within the required time, the owners should be allowed to complete it. Suppose in a given case it was physically impossible to complete work in five days, is it possible that the landowner would not be accorded the right to do it? Ordinances should receive a reasonable construction, and it seems to us that it would be reasonable to hold as to this ordinance that if the owner of the land commences the required work within the prescribed time and is prosecuting it with reasonable diligence he ought to be allowed to complete it.

*ORDINANCES: purpose of.*

In the present case the wrong done to the defendant is manifest. It is undisputed that the walk was in perfect condition, yet the plaintiffs tore it up and relaid it at an expense of $250, which they insist the defendant ought to pay. Assuming that the condition of the walk was as stated, under our decision in Skinker v. Heman, 64 Mo. App. 441, the judgment would have to be affirmed, without reference to other facts in the case.

The judgment of the circuit court will be affirmed. All the judges concur.