HEMAN CONSTRUCTION COMPANY, Appellant, v.
ROSIE O'BRIEN et al., Respondents.

**St. Louis Court of Appeals, November 28, 1899.**

1. **Suit: SPECIAL TAX BILL: WITNESS: OPINION.** One of the owners
of the property, who was well acquainted with the work done
on sidewalk, testified that it was in good condition. His testimony
was admissible, for the reason that the facts and circumstances con-
nected with the real condition of the sidewalk, were of such a nature
as not to admit of accurate statement, except by one who had person-
ally inspected it, and the opinion of such an one was necessarily the
best evidence.

2. ————: ————: **TAX BILL, PRIMA FACIE CASE.** The tax bill being
undisputed made a *prima facie* case for plaintiff, and the lower
court under all the testimony adjudged the issues for plaintiff, which
is affirmed.

Appeal from the St. Louis City Circuit court.

AFFIRMED.

*Hickman P. Rodgers* for appellant.

(1) The special tax bill made a *prima facie* case for
plaintiff. Donovan v. Coles, 33 Mo. App. 161; Paving Co. v.
Young, 68 Mo. App. 175; Moberly v. Hogan, 131 Mo. 19.
(2) The court erred in permitting the witness, John O'Brien,
to testify with reference to the sidewalk that "the condition
was all good," "it was all repaired," and "there was not any
place that was out of repair," and in refusing to strike out
such parts of his testimony. (a) It is elementary that a wit-
ness must state facts—not conclusions of his own. (b) The
street commissioner, not the property holder, is to determine
whether a sidewalk is in "good condition" or not "out of
repair." Charter, sec. 35, 2 R. S. 1899, p. 2109. (3) The find-

ing of the lower court, sitting as a jury, was so strongly opposed to all the reasonable probabilities, that this court should not defer to it.    Janis v. Roentgen, 52 Mo. App. 114-119.

*John H. Drabelle* for respondents.

(1)    The court did not err in permitting witness O'Brien to testify as stated in the record, but not quite correctly quoted in plaintiff's statement.    The rule laid down by the lower court in passing on the objection, that "it no more requires an expert to state that a sidewalk has been repaired than it does to state whether a shoe has been repaired or not," is the rule of common sense.    And it has been expressly held that a non-expert may testify that a highway was in good repair, or that it was out of repair.    Alexander v. Mount Sterling, 71 Ill. 366; Clinton v. Howard, 42 Conn. 294; Bennett v. Meehan, 83 Ind. 566.    (2)    Besides, if the ruling of the court on the admissibility of this evidence was error, which we deny, there was abundant legal evidence on the part of both Mr. O'Brien and the other witness Farrel, from which the court could draw its own conclusion that the sidewalk had been repaired, and hence, by all our decisions, the error was not prejudicial. Baker v. Shaw, 35 Mo. App. 611; Seebree v. Patterson, 92 Mo. 451; Deal v. Cooper, 94 Mo. 62.    (3)    The rule is universal that an appellate court will not ordinarily interfere with the province of the trial court on its conclusions as to the facts. Hemmelrich v. Carlos, 24 Mo. App. 264; Swayze v. Bride, 34 Mo. App. 414.

BIGGS, J.—This is an action on a special tax bill for repairs on a sidewalk in front of premises owned by defendants and situated in the city of St. Louis.    The bill was issued to plaintiff's assignor who did the work, and the defendants were named in the tax bill as owners of the property.    The repairs were made in July, 1896.    The defenses were (1) that in

August, 1895, notice was given to defendants by the street commissioner of the city, that a certain portion of the sidewalk, to wit, fifteen feet (15 ft.) to the full width of the walk was out of repair and requiring the defendant to make the necessary repairs; that immediately upon receipt of the notice the defendants advised the street commissioner of their intention to make the repairs, and that within the time prescribed they did put the sidewalk in perfect condition, and that eleven months thereafter, to wit, July, 1896, the street commissioner, without further notice to defendants, ordered the plaintiff's assignor, the general contractor with the city for street repairs, to repair the walk, for which the tax bill in question was issued, and (2) that the walk was repaired by the contractor in excess of that required by the notice, that is twenty-two feet and two inches of the sidewalk to its full width was entirely reconstructed with new materials, instead of fifteen feet as required in the notice, and that eight feet and one inch additional were repaired with old materials. The reply put in issue the new matter contained in the answer. The cause was submitted to the court without a jury and the findings and judgment were for the defendant. The plaintiff has appealed, and complains of the admission of incompetent testimony and that the evidence introduced by defendants was insufficient to establish their defenses.

The defendants introduced substantial evidence tending to prove the facts set forth in their answer. The circuit court permitted John O'Brien, one of the owners of the property who had the sidewalk repaired and inspected the work, to state to the court that the sidewalk was left in good condition. Objection was made to this statement of the witness. The general rule is that a witness must state facts, and not his opinions or conclusion, but there are exceptions to the rule. If the facts and circumstances connected with the ultimate fact to be proved can not be definitely and intelligibly stated so as to

enable any one, except upon personal inspection, to form an accurate opinion, a witness who has had the means of personal observation may give his opinion. Eyerman v. Sheehan, 52 Mo. 221; White v. Stoner, 18 Mo. App. 540; Haymaker v. Adams, 61 Mo. App. 581; Kendall v. Bain, 46 Mo. App. 581. A man of ordinary intelligence is capable of knowing and judging of the condition of a sidewalk, and as it was somewhat difficult to convey to the mind of the trier of the fact a clear idea of the subject, it was not error to allow O'Brien to state to the court that in his opinion the sidewalk was properly repaired.

There was no dispute as to the tax bill. It was read in evidence, and it named the defendants as owners. It made a *prima facie* case for plaintiff. Moberly v. Hogan, 131 Mo. 19. At the conclusion of defendants' evidence the plaintiff asked the circuit court to find the issues against the defendants upon the ground that the defendants had failed to prove that the repairs were made to the satisfaction of the street commissioner. It is undisputed that the defendants notified the street department that they would do the work; that they commenced it within the prescribed time, and diligently prosecuted it to completion. Heman v. Land Improvement Co., 75 Mo. App. 372. The defendants were not required to notify the street commissioner of the completion of the work, or to show that it was done to his satisfaction, hence this assignment of error must likewise be overruled.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.