————O————

SMITH AND BOWLAND, Respondents, *vs.* THE BURLINGTON & Mo. R. R. R. Co., Appellant.

1. *Practice, civil—Pleadings—Corporation cannot deny its existence, when.*—In a suit by attachment against a foreign corporation, where defendant voluntarily appeared and gave bond in its corporate name, *held*, that the company was thereby estopped from denying its corporate existence. (Seaton vs. Chicago, R. I. & P. R. R. Co., *ante* p. 416.)

*Appeal from Andrew Circuit Court.*

*Strongs & Hedenberg, and Bennett Pike*, for Appellant.

*Greenlea, Heren & Rea*, for Respondents.

NAPTON, Judge, delivered the opinion of the court.

This suit was to recover about $324, alleged to be due the plaintiffs for railroad ties furnished the defendants. The Burlington & Mo. R. R. R. Co. answered the petition, denying the partnership of plaintiffs and denying that the Burlington & Mo. R. R. R. is a corporation created, existing or doing business under and by virtue of the laws of Iowa; and denying that said R. R. Co. was so corporated, existing and doing business on Oct. 1st, 1869, &c., and deny all the other allegations of the petition. There was a verdict against the company. The suit was dismissed as to Jameson. Motions for new trial and in arrest were made and overruled and judgment was rendered against the defendant, the B. & Mo. R. R. R. Co.

On the trial it appeared that the plaintiffs had furnished the defendants with the ties charged, and the only matter in dispute was whether these ties were furnished to Jameson, who

had a large contract with the company, or whether Jameson acted as the company's agent or professed so to act, and the credit was given to Jameson and not to the company. The evidence on this point was contradictory, but the question was submitted to the jury upon instructions which were unexceptionable. Indeed all the defendant's instructions on this point which were asked were given, and the instruction given by the court on its own motion covered the whole case. It was this : "If the jury believe from the evidence, that the plaintiffs were partners, and that Jameson contracted with plaintiffs or either of them, on behalf of the firm, to get out and furnish ties and timber for the defendant, the B. & Mo. R. R. R. Co., representing himself to be, and acting as the agent of said company in making said contract, and that the plaintiffs furnished ties and timber to the said R. R. Co. by its agent on said contract, and that such ties or any part of them remain unpaid for, the jury will find for the plaintiffs against the B. & Mo. R. R. R. Co. the amount yet due on said ties, with interest, &c."

Objections were taken to the proof offered by plaintiffs of the act of incorporation of defendant, which was proved by a copy of the articles of association, certified to by the Secretary of State of Iowa, but the Laws of Iowa were not produced.

We think proof of this point was unnecessary, since this was a suit by attachment against a foreign corporation, and the defendant voluntarily appeared and gave the necessary bond in its corporate name by which the attachment was dissolved and thus appeared on the record of the suit. The defendant was by this estopped from denying its corporate existence. (See the case of Seaton vs. Chicago, Rock Isl. & P. R. R. Co., decided at this term, *ante*, p. 416.)

Judgment affirmed. All the judges concur.