G. C. HAYSLER *et al.*, Respondents, v. ANDREW J. DAWSON, Appellant.

Kansas City Court of Appeals, January 9, 1888.

1. ACTIONS—HOW BROUGHT—CONSTRUCTION OF SECTION 3462, REVISED STATUTES—ASSIGNED ACCOUNTS.—Although the practice act (sec. 3462) requires actions to be brought in the name of the real parties in interest, this will not prevent an assignee of accounts from suing on them in his own name, when the agreement is that he holds them solely for the purpose of the action.

2. PRACTICE—PLEADING—PARTNERSHIP—WHEN ADMITTED UNLESS DENIED UNDER OATH—CONSTRUCTION OF SECTION 3653, REVISED STATUTES.—Under section 3653, Revised Statutes, as amended by the act of 1883 (Laws of Mo., 1883, p. 121), referring to plaintiffs or defendants sued as a partnership, and providing that when the names of the partners are set forth in the petition or answer, it shall not be necessary to prove the fact of partnership unless the opposite party put such fact in issue, etc., the statute not only relieves the parties alleging a partnership from the necessity of proving the fact, "unless the opposite party put such fact in issue," but it prescribes the only manner of tendering such issue, and that is "by affidavit filed with the pleadings in the cause." (HALL, J., dissents).

APPEAL from Henry Circuit Court, HON. JAMES B. GANTT, Judge.

*Affirmed.*

Statement of case by the court.

This is an action in *assumpsit* for the recovery of various accounts for goods sold to the firm of Hamsel & Dawson, the petition alleging that said firm was composed of one Hamsel and the defendant, doing business as partners. The first count was for goods so sold by the plaintiffs. The other counts were predicated of claims for goods so sold by other persons, which accounts were assigned to the plaintiffs.

The answer of Dawson admitted that plaintiffs were partners. It then alleged that the accounts sued on by plaintiffs as assignees, were not assigned to them for a valuable consideration; that they, in fact, belonged to the respective assignors, who had only formally assigned and transferred the same to plaintiffs to enable them to mass all the claims in their names in one action against the defendant. The answer also denied the copartnership between defendant and Hamsel.

The reply tendered the general issue.

The evidence tended to show that the accounts were just and due, and that the goods were purchased by Hamsel, in the firm name. The evidence also showed that the accounts set out in all the counts, save the first, were assigned to the plaintiffs to enable them to maintain this one suit for the recovery of all the claims, and that any judgment obtained thereon by plaintiffs would enure to the use of the assignors.

Defendant then sought to introduce evidence to show that he was not in fact a partner of said Hamsel; that he had not contracted for said goods, nor had he authorized Hamsel to purchase the same. This evidence was objected to by plaintiffs for the reason that the petition alleged the existence of such partnership, and the answer of defendant was not supported by affidavit putting the fact of copartnership in issue. The objection was sustained, and defendant excepted. Thereupon the defendant offered to file an amended answer supported by the required affidavit putting in issue the fact of such partnership. On plaintiff's objection this offer was refused by the court, and defendant again excepted.

Verdict and judgment for plaintiffs, from which defendant has appealed.

McBETH & LADUE, for the appellant.

I.   The court below erred in refusing to allow defendant, Dawson, to verify answer at the commencement of the trial of the cause. It should have been permitted

in the interest of justice and good conscience, and was an abuse of the discretion and power of the court, arbitrarily enforced to the detriment and injury of the defendant Dawson's interest in the premises. Rev. Stat., p. 610, sec. 3567; 21 Mo. 20; *Thompson v. Moseley*, 29 Mo. 477; 42 Mo. 101; 19 Mo. 403, 57 Mo. 56; 49 Mo. 404; 51 Mo. 501; 53 Mo. 238; *Weber v. City of Hannibal*, 83 Mo. 262; 43 Mo. 301; 75 Mo. 482; Rev. Stat., secs. 3568, 3576, 3577.

II. The court below erred in refusing to permit the evidence of the defendant, Dawson, which tended to deny the alleged copartnership with Hamsel, and tending to show that he was not liable to plaintiffs, to go to the jury, for the reason that the failure of defendant, Dawson, to verify the answer is not declared by the statute (Sess. Acts Mo. 1883, p. 121) to be a confession of the copartnership, but simply absolves the party averring partnership from the necessity of proving it; in other words, it operates to make out a *prima-facie* case. But appellant submits that, notwithstanding he inadvertently omitted to verify his answer, he having explicitly denied the partnership therein, he should have been permitted to support his answer with proof. *Klein v. Keyes*, 17 Mo. 326.

III. The court below erred in receiving testimony against the objections of defendant, Dawson, tending to prove accounts set forth in the second, third, and fourth separate causes of action in plaintiffs' petition, and the liability of defendant, Dawson, on said counts, when it appeared, by the admission of plaintiffs, made in open court, at the trial of the cause, that plaintiffs did not own, or pretend to own, said accounts; that they had never paid for, or agreed to pay for, the same, and were not the real parties in interest. Rev. Stat., p. 592, sec. 3462. It is a question of fact as to who is the real party in interest in an action on an account which has been formally assigned to a third party, and only the real party in interest can maintain the action. *Roberts v. Deverill*, 20 Wis. 142; 14 Mo. 523. The plaintiffs in

this case were not trustees of an express trust within the meaning of section 3463, Revised Statutes, as the pretended assignments under which they sue were absolute and unconditional, and no trust was created. The principle which applies to a holder or endorsee of negotiable paper is not applicable in a case like this.

IV. The court erred in overruling defendant's motion for a new trial, supported by affidavits showing the failure to verify answer to have been a pure mistake, naturally and innocently made; and plaintiffs being fully advised as to the character of the defence, could not have been prejudiced by allowing defendant to verify the answer at the trial.

V. The court erred in giving instructions and declarations of law to the jury, asked by plaintiffs, against objections of defendant, Dawson, the same being illegal and wrong.

VI. The court erred in giving judgment for plaintiffs against the defendant, Dawson, the same being contrary to law.

FYKE & CALVIRD, for the respondents.

I. The court properly refused to permit defendant to verify his answer, after the jury were sworn and the trial commenced. Section 3586 provides, "It shall be the duty of the courts to so construe the provisions of law relating to pleading, and to so adapt the practice thereunder, as to discourage, as far as possible, negligence and deceit, to prevent delay, to secure parties from being misled, to place the party not in fault as nearly as possible in the same condition he would be in if no mistake had been made, to distinguish between form and substance, and to afford known, fixed, and certain requisitions in place of the discretion of the court, or the judge thereof." By act of the legislature (Acts of 1883. p. 121) it is provided, "And where plaintiff or defendant sues or is sued as a corporation, and where plaintiffs or defendants sue or are sued as a

partnership, and the names of the several partners are set forth in the petition or answer, it shall not be necessary to prove the fact of such incorporation or partnership, unless the opposite party put such fact in issue by affidavit filed with the pleadings in the cause." No affidavit denying the partnership had been filed, plaintiffs announced ready, relying upon the plain provision of the statute. To have permitted defendant to verify his answer after the jury were sworn and the trial commenced would have been an abuse of discretion, and would have compelled plaintiffs to take a continuance without their fault. The answer not being verified, the partnership stood admitted. *Patrick v. Gas Light Co.*, 17 Mo. App. 462. The intent of the statute is, that parties litigant shall be notified in the manner therein prescribed that the partnership is denied. The answer not being verified was no legal notice that such an issue would be raised at the trial. Defendant having failed to verify his answer, plaintiffs were relieved of the necessity of proving the partnership. *Klein v. Keyes*, 17 Mo. 326. And if relieved of the necessity of making the proof in the first instance, defendant certainly could not be permitted to offer evidence to disprove that which plaintiffs were not required to prove. *State to use v. Chamberlain*, 54 Mo. 388. There was then no error in refusing to allow defendant to verify his answer, nor in refusing to admit his testimony, nor in the instruction of the court.

II. The court did not err in admitting testimony in the second, third, and fourth counts in the petition. The accounts therein sued upon were assigned to plaintiffs in due form. It was wholly immaterial whether plaintiffs gave anything or not. An indorsee for collection, or by way of gift, may sue in his own name. By the assignment plaintiffs were invested with the legal title to the claim sued on in the second, third, and fourth counts. *Webb v. Morgan*, 14 Mo. 428 ; *Barns v. McMullins*, 78 Mo. 260, 277.

PHILIPS, P. J.—I. It is assigned for error that the court, on the conceded fact that plaintiffs were not the real owners for value of the assigned accounts, should have directed a verdict for defendant on those counts of the petition. The contention of appellant is, that the practice act requires actions to be brought in the name of the real parties in interest. Rev. Stat., sec. 3462. It will be seen, however, that this very section makes an exception in favor of the right of action as in the succeeding section named. This section (sec. 2163) authorizes an executor, administrator, and a trustee of an express trust, to sue in his own name, without joining with him the person for whose benefit the suit is prosecuted. It has been the recognized practice in this state to bring suits just as was done in this case. Appellant claims that such an assignee is not the trustee of an express trust, and cites in support the case of *Robins v. Deverill* (20 Wis. 142). In that case the claim was assigned by a debtor of copartners to one member of the firm, without any agreement or understanding expressed as to how he should hold the claim. Dixon, C. J., was of opinion that, as the statute authorized the action to be maintained only in the name of the trustee of an *express* trust, it did not authorize the action where the trust arises merely by implication. But he expressly concedes that such trustee of an express trust may be created by parol agreement between the parties, and that such trustee may sue without joining the beneficiaries. In the case at bar it expressly appeared that the accounts were assigned to plaintiffs with the agreement that they were to hold solely for the purpose of this action. The majority of the court, in the case, *supra*, did not concur with C.-J. Dixon in saying that the statute did not apply to the facts of that case.

II. It is next contended by appellant that the court erred, first, in not permitting him to introduce the proffered evidence to disprove the alleged partnership ; and,

second, in refusing to allow him to file the amended answer.

Section 3653, Revised Statutes, was amended in 1883 (Laws Mo., 1883, p. 121) by adding the following: "And where plaintiff or defendant sues or is sued as a corporation, and where plaintiffs or defendants sue or are sued as a partnership, and the names of the several partners are set forth in the petition or answer, it shall not be necessary to prove the fact of such incorporation or partnership, unless the opposite party put such fact in issue by affidavit filed with the pleadings in the cause." The position of appellant is, that the only effect of this amendment is to relieve the plaintiff in the first instance from the burden of proving the existence of the corporation or partnership ; in other words, the failure to make the required affidavit makes out a *prima-facie* case for the plaintiff, which defendant may then, under the general issue, proceed to rebut. This is not defensible, as such a construction would both subvert the language of the statute and defeat the remedy sought to be furnished by the legislature. Statutes must be construed with reference to the subject-matter, the object which prompted the enactment, and the mischief they were intended to remedy. *Neenan v. Smith*, 50 Mo. 525 ; *Spitler v. Young*, 63 Mo. 42 ; *State v. Diveling*, 66 Mo. 375. And it is the foremost duty of the courts to declare the law in accordance with the meaning of the lawmaker. *State v. Bogardus*, 4 Mo. App. 215. This for the important reason, to avoid judicial legislation.

What was the prompting motive to this amendment of 1883 ? What was the mischief sought to be remedied ? Suits against corporations and partnerships are most frequent. They constitute a large per cent. of our litigation. As proof of the existence of a corporation or co-partnership, often non-residents of the state, was attended with inconvenience and expense, and such necessity and expense were often imposed by these parties merely tendering the issue for vexation and delay, the legislature designed by the amendment to relieve the

party alleging the existence of such corporation or partnership from making such mere formal proof, which under the old system belonged to dilatory pleas, unless the opposite party, by affidavit, made with his answer, put such fact in issue. The language of the statute is plain and unambiguous. It does not need the aid of any extraneous reference to understand it. It does not admit of any possible inconsistency with anything preceding it. It declares in unmistakable terms, that "unless the opposite party put such fact in issue by affidavit, filed with the pleading in the cause, it shall not be necessary to prove the fact."

It is a fundamental rule of pleading that no fact not in issue need be proved; and a party can never, at any stage of the trial, be required to offer proof of a fact not in issue.

The statute not only relieves the plaintiffs in this case from the necessity of making such proof "unless the opposite party put such fact in issue," but it prescribes the *only manner* of tendering such issue, and that is, "by affidavit filed with the pleadings in the cause." In no other manner and under no other conditions can such an issue be brought into the cause, for thus saith the statute, and we have no power, without usurping legislative functions, to say it can come in otherwise. Prior to this amendment, the statute (sec. 2316) authorized a party to make proof of the existence of a partnership by presenting an affidavit thereof. But it expressly declared that such affidavit should be only *prima-facie* evidence of the fact. It could, therefore, be rebutted by the opposite party, whereas the amendment, in question, declares that, unless the party desiring to take issue as to the existence of the alleged partnership shall put this fact in issue, and in a given manner, it shall not be necessary to prove it. The design of the statute was to make the party first purge himself of the imputation of a mere dilatory plea. And unless the party thus puts the fact in issue, how can he be allowed to introduce any proof thereon? Under the

appellant's theory every time a party sues a corporation or partners, he would be compelled, as a matter of precaution, to take depositions outside of the state, when the corporation or partners were non-residents, or bring his witnesses to court and hold them until the trial. For if it be a mere shifting of the burden of proof, he should anticipate that the moment he got through with his *prima-facie* case, predicated upon the absence of the required affidavit, the other party would come in to rebut it.    But the statute says, unless such fact be put in issue it shall not be necessary to prove it, and this issue can only be tendered by proper affidavit filed with the answer.   Any other view would amend and rob the statute of its force.

The St. Louis Court of Appeals, in *Pierce v. Town of Luteville* (25 Mo. App. 317), held that the denial of the corporate existence must, under the statute in question, be made under oath.   By the same statute and authority must it follow that the denial of the existence of the partnership must be under oath.   And if not so tendered, the statute declares the fact is not in issue.

III.   The refusal of the court to permit the making of this issue at the trial was among those matters which belong largely to the discretion of the trial court.   Section 3596, of the practice act, provides, *inter alia*, that it shall be the duty of the courts to so construe the provisions of law respecting pleadings, and to so adapt the practice thereunder, as to discourage, as far as possible, negligence and deceit, and to prevent delay, to secure parties against being misled, and to place the party not in fault as nearly as possible in the same condition he would be in if no mistake had been made.   The law presumes that defendant's counsel was learned in the law, and that he knew the law.   It can never be a ground of relief, on the plea of surprise, that the party's attorney did not know the law.   Here the plaintiffs had gone to trial to recover a debt, having a right to believe that they would not be required to meet any evidence from the defendant as to the existence of the imputed partnership.   They, there-

fore, presumably had prepared no evidence, summoned no witnesses, to such contention. To stop the cause, *in res media,* to make up the issue of partnership or no partnership, would likely either operate as a continuance or a discontinuance of the trial or suit. We cannot say that the discretion of the trial court was abused in this case; and it is rarely that the appellate courts interfere with the discretion exercised by the trial judges, who occupy a better ground for judging of the good faith of the delinquent party, and the probable effect of admitting such amendments.

It follows that the judgment of the circuit court is affirmed. Ellison, J., concurs in the result; Hall, J., dissents as to the second paragraph of the opinion.