MEYER BROS., Respondents, v. INSURANCE COMPANY OF NORTH AMERICA, Appellants.

Kansas City Court of Appeals, May 3, 1897, and January 10, 1898.

1. **Trial Practice:** CORPORATION: AFFIDAVIT: STATUTE. The defendant's answer, which was verified, denied its corporate existence, but to raise the issue of its incorporation it should file an affidavit as required by the statute; besides, its appearance admitted its incorporation.

2. ———: AMENDMENT. After the evidence was in, the court permitted the petition amended to the proper corporate name of the defendant. *Held*, no error.

3. **Appellate Practice:** TRIAL BEFORE COURT: PRESUMPTION. Where the trial is before the court without a jury, the appellate courts assume the facts to be as found.

4. **Insurance**: PROOFS OF LOSS: FURNISHING BLANKS. Where an in-surer fails to comply with the provisions of the act of April 1, 1895, he can not complain in his answer that the insured did not furnish such proofs as the policy required, unless he further alleges he offered to furnish the proper blanks.

5. ———: VALUED POLICY: BURDEN OF PROOF. In action to recover insurance on a building the measure of damages is the amount for which it was insured, less whatever depreciation it may have sus-tained between the time of issuing the policy and the time of loss, and the burden of proving the depreciation rests on the defendant.

6. ———: KEEPING BOOKS: COUNTRY PRODUCE. A policy of insurance required the insured to keep books of account of his business. In exchanging goods for country produce there were no entries made on his books until the produce was sold, when the proceeds went to swell the cash account. *Held*, if a departure, it was unsubstantial and harmless.

*Appeal from the Sullivan Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1) There was no evidence offered by plaintiffs tending to show that defendant company was incor-porated; this fact was put in issue by denial under oath. R. S. 1889, sec. 2126. (2) The attempted sub-stitution of the president and directors of the insurance company of North America as defendant, after the case had been submitted to the court, did not cure this error, for the reason that the said company had never been summoned, nor had it filed answer in the case. (3) The court erred in admitting in evidence the policy issued by the president and directors of the Insurance Company of North America in support of the action against Insurance Company of North America, over defendant's objection. 5 Ency. Pl. and Pr., p. 66b, and note 2, citing *Desmond v. R. R.*, 77 Ill. 631. (4) The verdict was excessive. In no event should there

have been any recovery for the loss on building, because plaintiffs failed to furnish plans and specifications thereof, required by the policy, and demanded February 15, 1896. (5) The verdict was also excessive because of the failure of the promissory warranty contained in the policy with reference to keeping books "correctly detailing all purchases and sales of said stock." No books of account of any kind were kept, showing purchases of produce, which constitute a large part of the transactions of a country store. This warranty must be literally complied with. A substantial compliance is insufficient. *Ins. Co. v. Brown*, 34 S. W. Rep. 462; *Ins. Co. v. Parker*, 32 S. W. Rep. 507; *Goldman v. Ins. Co.*, 19 So. Rep. 132; *Maddox v. Ins. Co.*, 56 Mo. App. 343; *Crigler v. Ins. Co.*, 49 Mo. App. 11.

*Jno. M. Swallow* for respondents.

(1) Corporate existence can only be put in issue by special plea in abatement or in bar, in this state by affidavit, filed with the pleadings. 5 Ency. Pl. and Pr., p. 80; R. S. 1889, sec. 2186; *White v. I. O. O. F.*, 30 Mo. App. 682. (2) Defendant, by pleading to the merits, and appearing in the case and taking part in the trial of the cause admits that it is a corporation, and waives all defects, if any, in the service and pleadings. 5 Ency. Pl. and Pr., p. 82; *Flynn v. Neosho*, 114 Mo. 567; *Cribb v. Lumber Co.*, 82 Ga. 597; *Seaton v. R'y*, 55 Mo. 416; *Smith v. R'y*, 55 Mo. 527; 1 McQuillin's Pl. and Pr., sec. 331; *Lower v. Moore*, 52 Mo. 118. (3) No proofs of loss were required, as no blanks were furnished by the insurance company for that purpose, and proofs of loss were therefore waived. Laws of Mo., Sess. Acts 1895, p. 195, approved April 11, 1895, entitled Insurance, Fire, Proof of Loss. (4) Appellant complains that respondents did not keep

proper books. This is expressly contradicted by the evidence in the case, which shows that they kept their books properly. The amendment was proper and was in no sense prejudicial to the defendant. R. S., secs. 2098, 2100, 2113, 2114; *Ensworth v. Barton*, 67 Mo. 622; *Chauvin v. Lownes*, 23 Mo. 227; *Utley v. Tolfree*, 77 Mo. 307.

SMITH, P. J.—This is an action on a fire insurance policy. There was a trial and judgment for plaintiffs and defendant has appealed.

The first assignment of error is to the effect that the court erred in permitting the plaintiffs to recover because there was no proof adduced of the defendant's corporate existence. The petition alleged that the defendant was a corporation organized under the laws of the state of Pennsylvania. The defend-

TRIAL practice: corporation: affidavit: statute:

ant appeared by the name by which it was impleaded in the petition and answered by a general denial and also specially denied its corporate existence. The answer was sworn to by its attorney. It contends that the denial of the answer cast upon · the plaintiff the burden of proving its corporate existence and without which there could be no rightful recovery.

The statute provides that where a corporation is sued it shall not be necessary to prove the fact of such incorporation unless the opposite party shall *put such fact in issue by affidavit filed with the pleadings* in the cause. R. S., sec. 2186. If the defendant had desired to put in issue its corporate existence, it should have done so in the manner required by the statutory provision just referred to. *Flynn v. Neosho*, 114 Mo. *loc. cit.* 573; *White v. Odd Fellows*, 30 Mo. App. 682. Besides, the defendant having appeared to the action, such appearance was conclusive evidence of its legal

existence for the purpose of the pending cause.  *Smith v. R'y*, 55 Mo. 527.  It is well settled that a private corporation, by appearing and defending in the corporate name, admits its existence.  *Eubanks v. Edina*, 88 Mo. 654.  *Whitehouse v. R'y*, 64 Mo. 523; *Seaton v. R'y*, 55 Mo. 416.

After the reception of the evidence the court directed the plaintiffs to amend their petition on its face by inserting the words "The President and Directors" in the caption so as to make the same read "The President and Directors of the Insurance Company of North America." This, while unnecessary, was authorized by the statute relating to amendments.  *Witte Iron Works v. Holmes*, 62 Mo. App. 372.  There was no allegation that the defendant was thereby actually misled to his prejudice. R. S., secs. 2096, 2097.

*—: amendment:*

In addition to these reasons for regarding the defendant's point as being one destitute of merit, it may be remarked that it has made its bond for appeal here by the name in which it was sued so that its legal existence is in many ways established and not open to question.  It follows from the foregoing observations that if it was primarily error for the court to admit in evidence the policy of insurance issued by the president and directors of the Insurance Company of North America, that error was cured by the subsequent amendment of the petition previously referred to.

The defendant further objects that the verdict, which was for $1,100, $550 of which was on the building and a like amount on the stock of goods it contained, was excessive for two reasons: *first*, because the plaintiff failed to furnish plans and specifications of the building required by the provision of the policy pleaded; and *second*, because plaintiffs failed to keep

*Appellate practice: trial before court: presumption.*

books of account of any kind showing purchases of butter, eggs and other produce. The trial court was intrusted with both facts and law, a jury being dispensed with. We must assume the facts to be as the court found them. There were no instructions requested or given except that in the nature of a demurrer requested by defendant and refused by the court. But as the defendant does not assail the judgment on account of the action of the court in disallowing its demurrer, it remains only to notice the objections that the verdict is excessive.

The undisputed evidence shows that the building was totally destroyed and was well worth at that time from $900 to $1,000. It is conceded the defendant had notice of the loss. It appears that a few INSURANCE: days thereafter the defendant's adjuster proofs of loss: furnishing appeared at the place of the fire for the blanks. purpose of examining into the same and at that time plaintiffs, at his request, furnished him their books, invoices etc., with a statement of a carpenter, who had been familiar with the building, showing the kind and quality of lumber that would be necessary to restore the building and other full particulars relating thereto. Some time after this the adjuster called for further plans and specifications and other proofs of loss required by the policy. But the defendant did not, as required by the mandatory provisions of the act of April 1, 1895 (Sess. Acts 1895, p. 195), furnish plaintiffs such blank forms of statements and proof of loss as it desired to be filled out, and having failed so to do, it must be deemed to have waived the statements and proofs of loss at the hands of the plaintiffs and can not now be heard to complain of the failure of the plaintiff to furnish such statements and proofs of loss, notwithstanding the requirements of its policy.

Besides this, we think the defense pleaded that the

plaintiff did not furnish proofs of loss in the manner required by the policy or at all, can be made available unless it had been further alleged in connection with such defense that the defendant, after notice of the loss, furnished or offered to furnish the plaintiffs with such blank forms of statements and proofs of loss as the defendant desired to be filled out and that the plaintiffs had refused to receive or to fill out and return the same to defendant as required by the policy.

As the plaintiffs' building was a total loss, the measure of the damages was the amount for which it was insured, less whatever depreciation in value, below ——: valued poli- the amount for which it was insured, it cy: burden of sustained between the time of issuing the proof. policy and the time of the loss, the burden of proving the depreciation being on defendant. R. S., sec. 5897. The defendant, under the statute just referred to, was not, as under that of 1879, section 6009, given the right, in case of total loss, to either pay the damages or restore the building; and therefore what is said in the excerpt quoted by defendant in its brief from our opinion in *Walker v. Ins. Co.*, 62 Mo. App. *loc. cit.* 225, 226, has no application.

In view of the provisions of the present statute already noticed we can not discover that the defendant was entitled to demand plans and specifications of the building, and therefore a neglect on plaintiffs' part to comply therewith could not defeat their recovery. In respect to the defendant's contention that the verdict is excessive as to the loss of the stock of merchandise, it is perhaps sufficient to say that the evidence indubitably shows that it exceeded in value the sum of $2,700, and of this amount only $1,218 was saved from the conflagration, leaving the loss at about $1,500. It is thus made plain that the amount of insurance on the

plaintiffs' stock was by no means three fourths of the amount of the loss.

It appears from the plaintiffs' evidence when country produce, such as butter, eggs, etc., were pur-chased or taken in exchange, that the same were not entered on any book of plaintiffs in any way until sold, when the amount of such sales would go to swell the amount of cash received for merchandise. It is not insisted that the plaintiffs failed in any other respect to keep books of account as required by the policy. If this was a departure from the strict requirement of the policy, it was, it seems to us, in view of the evidence, unsub-stantial and harmless in its effect.

——: keeping
books: country
produce.

An examination of every point of objection sug-gested by defendant in connection with the record has failed to convince us that an error was committed by the trial court materially affecting the merits of the action and so that it results the judgment must be af-firmed.

ELLISON, J., concurs. Judge GILL does not agree to that paragraph of the opinion holding that the answer does not put in issue the corporate existence of defendant.