G. W. RICHARDS, Respondent, v. LLOYD McNEMEE et al., Appellants.

**Kansas City Court of Appeals, February 4, 1901.**

1. **Trial Practice: PARTNERSHIP: AFFIDAVIT DENYING.** Following the ruling that an affidavit merely swearing to a pleading filed in the case, which denies the partnership, is not sufficient, it is held in the original opinion that an affidavit set out therein was insufficient to put the plaintiff on the proof of the partnership of the defendants, but on rehearing said ruling is modified and the affidavit held sufficient.

2. ———: ———: ———: **HARMLESS ERROR.** Though the admission of evidence was unnecessary to prove matters admitted in the pleadings, it is in this case held harmless.

3. ———: ———: **JOINT LIABILITY: COMMON LAW: OKLAHOMA.** The evidence as to the law of Oklahoma is reviewed and it is found that the proceeding against joint contractors is substantially the same as in Missouri; as the plaintiff may proceed against the one served.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*A. J. Bidaison,* and *Currey & Roney* for appellant.

(1) "An affidavit is simply a declaration on oath, in writing, sworn to by the declarant before a person who has authority to administer oaths." Anderson's Dic. of Law, p. 39; 1 Am. and Eng. Ency. of Plea. and Prac., title "Affidavit;" Barhydt v. Alexander, 59 Mo. App. 188; State v. Headrich, 149 Mo. 396; Gill v. Ward, 23 Ark. 16; Young v. Young, 18 Minn. 72; Harris v. Lester, 80 Ill. 307. (2) Appellant McNemee's sworn statement, put in issue the fact of whether McNemee was a partner of Adams and Meeks. R. S. 1899, sec. 746, p. 277. (3) A written statement denying the existence of the partnership is all that is required, by section 746, Revised Statutes 1899. Such affidavit is not required to be written on a separate paper. (4) Pleadings are required by statute to be liberally construed. R. S. 1899, sec. 629; Padley v. Catterlin, 64 Mo. App. 638; Sumner v. Rogers, 90 Mo. 324; Wynn v. Cary, 43 Mo. 305; Young v. Schofield, 132 Mo. 661; Long v. Kasebeer, 28 Kan. 226; Atchinson v. Barlthow, 4 Kan. 124; Sutherland on Stat. Constr., sec. 238, p. 315; State to use v. Mason, 31 Mo. App. 211; Reynolds v. Holland, 35 Ark. 61. (5) The intent and the spirit of section 746, and not the literal meaning, must govern. Sedg. Stat. Constr. and Stat. Laws (2 Ed.), p. 225, note "A"; Sutherland Stat. Constr., secs. 323, 324; Reynolds v. Holland, 35 Ark. 61; Gabriel v. Mullen, 111 Mo. 119. State ex rel. v. Hostetter, 137 Mo. 636, and prior to the amendment to section 746, inserting these words, "and where plaintiff or defendant sue or are sued, as a partnership, and the names of the several partners are not set forth in the petition or answer, it shall not be necessary to prove the fact of such partnership, unless the opposite party put such fact in issue, by affidavit filed with the pleadings in the cause," a general denial not sworn to puts the fact of partnership in issue and the amendment was intended, only to put the pleader upon his oath and

honor and show good faith in his position by swearing to his denial. (7) Obligations of partners (at common law), are joint, not joint and several, and in suits thereon all partners must be joined. 1 Bates Part. sec. 454; Mason v. Eldred, 6 Wall. 231; Card v. Hines, 35 Fed. Rep. 601; Tinbrem v. O'Neal, 5 Nev. 95. (8) In the Territory of Oklahoma, where this contract was made, and the service sued for performed, the common-law rule of only joint liability of partners prevails. Statutes of Oklahoma Territory 1893, sec. 3524, p. 714; Cox v. Iron Co., 58 Pac. Rep. 645 rec. p.; Lawson on Cont., chap. 5, sec. 116, p. 131. Section 3524, Act Oklahoma Territory, should be given the same effect here that it has in Oklahoma Territory. Railroad v. Gebhard, 109 U. S. 527.

*T. B. Haughawout, Thomas Dolan,* and *A. M. Whitworth* for respondent.

(1) • This statute has been construed in the following cases. Meyer Bros. v. Ins. Co., 73 Mo. App. 166; Short v. Taylor, 137 Mo. 517; Mitchell v. Railton, 45 Mo. App. 273; Wales v. Chamblin, 19 Mo. 500; Haysler v. Dawson, 28 Mo. App. 531; Flynn v. Neosho, 114 Mo. 573; White v. Odd Fellows, 30 Mo. App. 684. (2) The nature and effect of a contract depends upon the law in the State where the contract is made; and the form of the action given as the remedy for the breech of the contract upon the laws of the State in which the remedy is sought. Dorsey v. Hardesty, 9 Mo. 157; Bank of Louisville v. Young, 37 Mo. 398; Smith v. Moore, 53 Mo. App. 525; Baker v. Stonebraker, 36 Mo. 338; Carson v. Hunter, 46 Mo. 467; Broadhead v. Noyes, 9 Mo. 56; Minor v. Cardwell, 37 Mo. 350; Labadie v. Chouteau, 37 Mo. 413; 1 Beach on the Law of Mod. Cont., secs. 592, 595, 596, 598,

Richards v. McNemee.

pp. 710, 714, 716, 719. (3) If one or more of the several joint contractors is resident out of the jurisdiction, all or any of the other co-contractors may be sued, and the persons or person sued can not object to the non-joinder of either resident or non-resident obligors. Defendant, Otto Meek, was out of the jurisdiction of the court. 15 Ency. of Pld. and Pr., p. 550; Cox v. Maddux, 72 Ind. 206; Merriman v. Baker, 121 Ind. 80; Dennet v. Cheek, 2 Maine 191. Reason for the rule: If defendant can not give plaintiff the means of bringing all the parties before the court, he can not have any plea in abatement for non-joinder. Joll v. Howe, 4 C. B. 254; 56 E. C. L. 254. The rule is the same in the Federal courts. Noyse v. Barnard, 15 U. S. App. 527.

BROADDUS, J.—This case was instituted in a justice's court, appealed to the circuit court, where plaintiff obtained judgment from which the defendants appealed. The plaintiff and all the defendants are residents of Oklahoma Territory. In the trial before the justice, the plaintiff obtained judgment against defendants McNemee and Adams, the defendant Meeks not having been served in any manner.

In the circuit court, defendants filed by way of amendment a written denial of plaintiff's cause of action and of the alleged partnership of the defendants, and a plea that plaintiff's action abate because the contract sued on was a joint and not a joint and several contract and could not be maintained as defendant Meeks was not before the court. This answer was sworn to by defendant McNemee. As the principal question before this court is whether the so-called affidavit denying the partnership is such as the statute requires in order to put the plaintiff upon proof as to its existence, it is necessary to quote from the same, to-wit:

"For amended answer to the allegations of the

plaintiff's petition, defendant denies each and every allega-
tion therein contained, expressly denying upon his oath that
he ever was a partner with Otto Meeks and J. F. Adams under
the firm name of the Wild West Show or any other name
whatever and expressly denies that he ever was or now
is partner with the defendant J. F. Adams under any
name whatever," to which is attached, or supposed to be at-
tached the following writing:

"State of Missouri,  ⎞
   Jasper County.   ⎠ ss.

   "Lloyd McNemee, defendant herein, being duly sworn
upon his oath, states that he has read the above answer affida-
vit, denying partnership and plea in abatement and that the
facts therein are true.

                              "Lloyd McNemee.
   "Subscribed and sworn to before me this fourteenth day
of March, 1900.
              "F. W. Norton, Clerk, by J. W. Gray, D. C."
   This was held by the circuit court to be insufficient to put
the plaintiff upon proof of defendants' alleged partnership and
denial of defendants' offer to negative, by evidence, the exist-
ence of the same.   The respondent in his brief cites several
cases to support his contention that the affidavit filed is not
sufficient under the statute, viz: Haysler v. Dawson, 28 Mo.
App. 531, and Meyer Bros. v. Ins. Co., 73 Mo. App. 166.
The first case is not authority here for the reason that the
sufficiency of the affidavit was not before the court.   There
was no affidavit of any kind in that case.   In the latter case
the court held that the affidavit was not in compliance with
the statute and uses this language:   "The statute provides
that where a corporation is sued it shall not be necessary to

Richards v. McNemee.

prove the fact of such incorporation unless the opposite party shall put such fact in issue by affidavit filed with the pleadings in the cause."

The ruling in Meyers Bros. v. Ins. Co., supra, which is the only case to which our attention has been called, in which the sufficiency of an affidavit of the kind in question has been decided, is to the effect, that it is not sufficient to merely swear to a pleading filed in the case, which denies the partnership or incorporation. To answer the terms of the statute, the affidavit, of itself, must contain all the necessary denials. Now in this case, there was a general denial of the plaintiff's cause of action, also of the partnership and a plea in abatement. It not being an affidavit in compliance with the rule so laid down, it must be held insufficient to have put the plaintiff upon proof of the alleged partnership.

It is shown by the record that the court and attorneys on both sides, in the circuit court, proceeded upon the theory that the affidavit was sufficient to put the plaintiff upon proof of partnership and allowed plaintiff to introduce his evidence tending to maintain that issue; and it was not until the defendants tendered evidence on their side to disprove the allegation of partnership that the question was raised at which time the court held that the partnership must stand admitted for want of the affidavit upon the part of defendants that the statute required, and defendants' evidence was rejected. The appellants complain of this action of the court and say that they were prejudiced thereby. It was harmless error, at most, as the evidence only tended to show what was admitted by the pleading of the defendants.

This was a suit for services of employees of the Great Oklahoma Wild West Show, and the contract for hiring was made in the territory of Oklahoma; and it is contended that

as said territory was under the common law governing contracts, the plaintiff was not entitled to recover as the defendant Meeks was not notified and did not appear and, therefore, all the parties not before. the court, the court should have sustained defendants' motion to abate the suit. In support of this contention defendants offered in evidence a decision of the Supreme Court of the territory, reported in the Pacific Reporter, supplemented by the evidence of a Mr. Green, who practices law in said territory, that the reports of cases for Oklahoma in said Reporter were authority there. The case referred to is Cox v. Gille Hardware Co., and reported in 58 Pacific Reporter, page 645, and holds that as to contracts the territory is governed by the common law.

Appellants claim that as "neither the rights nor the liabilities under joint obligations are the same as under a joint and several liability, it is not a question of applying a remedy." However this may be, the remedy, substantially, is the same in Oklahoma as in Missouri. In the Oklahoma case the judge cites the code governing practice in that territory, to-wit: The statutes of 1893, section 3957, which provides that if service can not be had upon all the defendants the plaintiff may proceed against the ones served without prejudice to the rights of any of the parties in interest. Our own statutes are to the same effect. See section 583, p. 246, Revised Statutes 1899. The proceedings in that respect in this case were not only in compliance with the practice where the contract was made, but also of the practice of the forum where the case was tried.

If the foregoing conclusions are correct there was no error in giving or refusing instructions or in the admission or rejection of evidence. It is true the trial was conducted in an irregular manner, but the judge was misled by the attitude of the parties. Yet, he was right upon all the questions of law.

Cause affirmed.

## MOTION FOR REHEARING.

BROADDUS, J.—The ground for rehearing is, that the holding of the court that the alleged affidavit denying partnership was insufficient under the statute, is in conflict with the decisions of both the Supreme and Appellate Courts of the State. In this case we followed the rule in Meyer Bros v. Insurance Co., 73 Mo. App. 166, wherein, notwithstanding the defendant in its answer denied that it was a corporation which was sworn to, the court held that it was not such an affidavit as the statute required. The opinion in this case was to the effect that "it is not sufficient to merely swear to a pleading filed in the case which denies the partnership or corporation. To answer the terms of the statute, the affidavit, of itself, must contain all the necessary denials." We have come to the conclusion that such a construction is too technical in view of what is generally understood as necessary to constitute an affidavit. In Barhydt v. Alexander, 59 Mo. App. 192, the affidavit was as follows: "Subscribed and sworn to before me this —— day of August, 189—.

"H. J. Hungerford, notary public," which the court held to be sufficient. In State v. Headrick, 149 Mo. 403, the court says: "The word affidavit *ex vi termini*, means an oath reduced to writing."

The answer in this case denies the alleged partnership, to which is attached an affidavit, as defined by the foregoing cases, stating that the facts set up in said answer are true. It has not yet been held in this State that the affidavit required should be on a separate paper from the pleading. The statute should receive a reasonable construction. We can see no good reason for holding that where a party has purged his conscience by his oath, that he must do so by other than the ordinary manner of making an affidavit.

The opinion in this case should be modified to conform to this our later view, which necessitates that the cause should be reversed and remanded, which is accordingly done. All concur.