DONK BROS. COAL & COKE COMPANY, Appellant, v. ARONSON et al., Respondents.

St. Louis Court of Appeals, November 17, 1903.

Pleading: STATUTORY DENIAL OF PARTNERSHIP.   Proper verification of a plea traversing the existence of a partnership or corporation, without incorporating such denial in a separate paper or affidavit, is sufficient compliance with section 746, Revised Statutes 1899.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Judson & Green* for appellant.

(1)   The trial court committed no error in giving the declaration of law offered by appellant, and in refusing that offered by respondent Lippe, and should have overruled the said motion for new trial.   (a)   Because the express language of the statute is that "it

shall not be necessary to prove such incorporation or partnership unless the opposite party put such fact in issue by an affidavit filed with the pleadings;'' and the method so pointed out for casting upon a plaintiff the burden of proving this fact is exclusive of all others. Haysler v. Dawson, 28 Mo. App. 531; Meyer Bros. v. Ins. Co., 73 Mo. App. 176; Gawtry v. Doane, 51 N. Y. 84; 2 Encyclopedia of Law of Procedure, p. 4; Arnold v. Railroad, 5 Duer (N. Y.) 207; State v. Richardson, 34 Minn. 116; Young v. Catlett, 6 Duer (N. Y.) 437.   (b) Where the language is clear and unambiguous, it is the duty of courts to construe a statute as written, leaving its wisdom and policy to the Legislature.   Aultmann v. Dagge, 50 Mo. App. 280; State v. Wellate, 54 Mo. App. 310; St. Louis County v. Griswold, 58 Mo. 175; Springfield v. Starke, 93 Mo. App. 70.   (c)   There is a well defined and generally understood legal difference and distinction between an affidavit and a verified answer, and therefore, a statute which expressly requires that the denial be made by an affidavit filed with the pleadings can not be construed to mean that it is sufficient if denial be made by a verified answer.   Gawtry v. Doane, 51 N. Y. 84; Blatchford v. Railroad, 7 Abb. Pr. (N. Y.) 322; Kellogg v. Sutherland, 38 Ind. 154; Johnson v. Laughlin, 7 Kan. 359; Meyer Bros. v. Ins. Co., 73 Mo. App. 176; State v. Richardson, 34 Minn. 116; State v. Headrick, 149 Mo. 403; Handlin v. Morgan County, 57 Mo. 114; Northcutt v. Eager, 132 Mo. 65; McNichols v. Mercantile Agency, 74 Mo. 457; Sanders v. Anchor Line, 97 Mo. 26; McKay v. Minner, 154 Mo. 608; State ex rel. v. Withrow, 133 Mo. 500; Ruckert v. Railroad, 163 Mo. 160; Camp v. Railroad, 94 Mo. App. 16.   The identical language used in this clause had been previously employed in the codes of other code States, and had by the courts of such States been construed to require that a separate affidavit be filed with the pleadings, and that it was not sufficient under such a statute to file a verified answer.   Code of Virginia

(1887), title 48, chap. 159, secs. 3278, 3279, 3280 and 3286 (in force since 1849); coustrued in Kelly v. Paul, 3 Grattan. 191; Gillett v. Store Co., 29 Grattan 565; Railroad v. Sherman, 30 Grattan 602; Phaub v. Stratton, 9 Grattan 615; Spencer v. Field, 97 Va. 38; Jackson v. Webster, 6 Mun. (Va.) 462; Littlejohn v. Ferguson, 18 Grattan 54; 1 Statutes of Michigan (Comp. Laws 1897), p. 364, sec. 826, and vol. 3, sec. 10191 (in force since 1865); construed in Ins. Co. v. Howell, 101 Mich. 332, reviewing 40 cases arising under this statute. Revised Code of Delaware (1893), chap. 106, secs. 5 and 6, p. 791 (in force since 1852); construed in Pusey v. Pyle, 4 Houst. 98; Code of West Virginia (1899), chap. 125, secs. 39, 40 and 41 (in force since 1863); construed in Kelly v. Paul, 3 Grattan 91; Phoule v. Stratton, 9 Grattan 615; Archer v. Wood, 9 Grattan 622; Robinson v. Dix, 18 W. Va. 528; Maxwell v. Burbridge, 44 W. Va. 248; Anderson v. Doolittle, 38 W. Va. 629; Butler & Co. v. Sullivan, 25 W. Va. 429; New York Laws of 1833, chap. 271, sec. 8; Gawtry v. Doane, 51 N. Y. 84; Servass v. Standard, 2 Code Rep. (N. Y.) 56; Arnold v. Railroad, 5 Duer (N. Y.) 207; Young v. Catlett, 6 Duer (N. Y.) 437; General Stat. of Mass. (1882), chap. 167, sec. 87, p. 975; True v. Dillon, 138 Mass. 347; Spooner v. Gilmore, 136 Mass. 248; Townsend v. Church, 6 Cush. 279; Railroad v. Benedict, 10 Gray 212. Our Legislature having copied the language of this clause from the codes of other States, will be presumed to have adopted the construction placed thereon by the courts of such States, and to have intended that it receive the same construction here. McKay v. Minner, 154 Mo. 608; State v. Chandler, 132 Mo. 155; Collins v. Wilhoit, 35 Mo. App. 585; Snyder v. Railroad, 86 Mo. 613; Skouton v. Wood, 57 Mo. 380; Skrainka v. Allen, 76 Mo. 384. (2) The affidavit of verification appended to the answer in the said Richards case itself contained an express and distinct reference to and denial of the alleged partnership and was thus complete in itself, so that it was not

necessary to look to the statements in the answer to ascertain its meaning; while in this case, the so-called affidavit is merely an oath "that the statements set forth in the above answer are true," and does not in itself contain a denial of the partnership. Richards v. McNemee, 87 Mo. App. 400. (3) It appears from the records and opinion of the Kansas City Court of Appeals in the said Richards case, that said cause was an action originating in a justice of the peace court, where strictness in pleadings and proof is never required, while this action originated in the circuit court. Richards v. McNemee, 87 Mo. App. 399; Lemon v. Lloyd, 46 Mo. App. 452; Snodgrass v. Emory, 66 Mo. App. 462; Forbes v. Shellabarger, 50 Mo. 558. (4) It was not error for the court to refuse to permit respondent Lippe to file such an affidavit after the trial was concluded and the court had announced its finding by giving said declaration of law. It was then too late for such an offer to be considered. Haysler v. Dawson, 28 Mo. App. 531; R. S. 1899, sec. 676; Singer Mfg. Co. v. Givens, 35 Mo. App. 602; Ellsworth v. Barton, 67 Mo. 622; Chauvier v. Lownes, 23 Mo. 227.

*Sale & Sale* for respondents.

The answer of one who is sued as a partner, in which he states that he was not a partner with his co-defendants, and that he never contracted the debt sued on, to which is appended an affidavit of that defendant to the effect that the statements made in his answer are true, is sufficient to put in issue the fact of partnership, and the liability of that defendant for the debt contracted by his co-defendants. Richards v. McNemee, 87 Mo. App. 396; Anderson, Adm., v. Hance, 49 Mo. 159; Simmons v. Simmons, Adm., 33 Grattan 451; Miner v. Terry, 6 How. Pr. R. 210 (cited in Blatchford v. Railroad, 7 Abb. Pr. 322); McCormick v. Bay City, 23

Mich. 457; Flynn v. City of Neosho, 114 Mo. 567; Short v. Taylor, 137 Mo. 517; Pierce v. Town of Lutesville, 25 Mo. App. 317; Walker v. Point Pleasant, 49 Mo. App. 244; Townsend v. Church, 6 Cush. 279; James River & Kanawha Co. v. Littlejohn, 18 Grattan 53; Wynn v. Cory, 43 Mo. 301.

REYBURN, J.—This action for balance of an account for goods sold and delivered, brought originally against four defendants, but dismissed as to one, proceeded to trial before the court as a jury; defendants were sought to be charged as co-partners under the firm name of Mound City Coal & Ice Company. Defendant Jacob Lippe for separate answer pleaded, that he was not a partner with his co-defendants under the partnership title, or at any of the time averred; that he was not a partner with said parties nor in the Mound City Coal & Ice Company in any manner or capacity during the time set forth, and that he never at any time or in any manner had contracted the debt sued on by plaintiff, and was not indebted to plaintiff, and this answer was verified by the affidavit of this defendant.

The plaintiff offered evidence to establish the correctness of the account sued on, and rested without tendering any proof of the persons composing the alleged co-partnership of the Mound City Coal & Ice Company. The defendant, Jacob Lippe, thereupon asked the following declaration of law:

"The court declares the law to be that under the pleadings and evidence in this case, they must find a verdict in favor of the defendant, Jacob Lippe," which the court refused to give and gave the declaration prayed by plaintiff thus:

"The court declares the law to be that under the pleadings herein the partnership of Jerome W. Aronson, Henry Aronson and Jacob Lippe is admitted as charged in plaintiff's petition, said co-partnership not

having been denied by affidavit filed with the pleadings in the cause."

Defendant Lippe thereupon asked leave to file an affidavit to conform to the ruling of the court, which was as follows:

"State of Missouri, city of St. Louis, ss.—Jacob Lippe, being duly sworn on his oath states, that he was not at any time of the times stated in the petition in the above entitled cause, a member of any firm doing business under the name of Mound City Coal & Ice Company, and that he is not a partner with any of the co-defendants named in the petition in any manner at any time stated in the petition.—Jacob Lippe."

The court denied leave to file the affidavit and rendered judgment against all the defendants for the amount claimed with interest accrued. Respondent Lippe alone filed a motion for a new trial which the court sustained and plaintiff has appealed.

Section 746, Revised Statutes 1899, *inter alia,* provides "and where plaintiff or defendant sues or is sued as a corporation, and where plaintiffs or defendants sue or are sued as a partnership, and the names of the several partners are set forth in the petition or answer, it shall not be necessary to prove the fact of such incorporation or partnership, unless the opposite party put such fact in issue by affidavit filed with the pleadings in the cause." The then able presiding judge of the Kansas City Court of Appeals has ably portrayed the object of this provision of the statute in Haysler v. Dawson, 28 Mo. App. 531, stating its design to be to make the party first purge himself of the imputation of a mere dilatory plea, and relieving the opposite party of the necessity of making proof unless put in issue in the statutory method.

The question here presented appears not to have been directly presented to this court, but in Walker v. Point Pleasant, 49 Mo. App. l. c. 247, the judge, announcing the decision, by implication would have held

a verified plea or answer supported by affidavit denying the corporate existence of a municipal corporation, a compliance with the statute then in force, if the question had then been before him for decision. Nor does Supreme Court seem to have been expressly called upon to determine the point here made by appellant, though again inferentially, language adopted in Short v. Taylor, 137 Mo. l. c. 525, and Flynn v. City of Neosho, 114 Mo. l. c. 573, strongly incline toward the position contended for by respondent.

In Meyer Bros. v. Ins. Co., 73 Mo. App. l. c. 169, when the Kansas City Court of Appeals was first invited to construe the above provision of the statute, the court held where the answer of defendant, sued as a corporation, specially denied its corporate existence, and was verified by affidavit, that under the statute, if defendant had desired to put in issue its corporate existence it should have done so in the manner required by the statutory provision by affidavit filed with the pleadings, but it was further held that the defendant, a private corporation, was concluded from such denial in this case, by appearing and defending in its corporate name, and one judge dissented from the paragraph of this opinion holding that the answer did not put in issue the corporate existence of defendant.

In Richards v. McNemee, 87 Mo. App. 396, the same court, all the judges concurring, with the only change in its individuality the succession of the judge rendering the decision vice the judge dissenting in the former case of Meyer v. Ins. Co., had again presented the similar question respecting the existence of a partnership challenged by answer authenticated by jurat. In the original opinion, the ruling in Meyer Bros. v. Ins. Co., was adhered to, and it was held that it was not sufficient to merely swear to a pleading filed in the case, which denied the partnership or incorporation, but to answer the terms of the statute, the affidavit of itself must contain all the necessary denials (l. c. 401). Upon motion for

rehearing the court modified its former ruling, and announced as its conclusion, that such a construction of the statutory provisions was too technical, in view of what was generally understood as necessary to constitute an affidavit. In this latter expression of the Kansas City Court of Appeals we concur, believing that the actual evil sought to be remedied by this legislation is reached, and the true object of the statute attained by the proper verification of a plea traversing the existence of a partnership or corporation, without incorporating such denial in a separate paper and affidavit.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.